# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| Misty Cox, as Administrator of the Estate of Ronnie Joe Albea; Sabrina Albea as daughter and next of kin of Ronnie Joe Albea, deceased; Jessie Albea as daughter and next of kin of Ronnie Joe Albea, deceased; and Pamela Hughes as legal guardian of Robert Hughes, minor son and next of kin of Ronnie Joe Albea deceased, and legal guardian of Makinsley Albea, minor daughter and next of kin of Ronnie Joe Albea, deceased.<br><br>    Plaintiffs,<br>v.<br><br>Wal-Mart Stores East, LP, Walmart Real Estate Business Trust, and Willie Antwain Pitts,<br><br>    Defendants. | CIVIL ACTION NO. |

## NOTICE OF REMOVAL BY DEFENDANT WALMART REAL ESTATE BUSINESS TRUST AND CONSENT TO REMOVAL BY DEFENDANTS WAL-MART STORES EAST, LP AND WILLIE ANTWAIN PITTS

COME NOW, Defendants Wal-Mart Stores, East, LP, Walmart Real Estate Business Trust, and Willie Antwain Pitts, (hereinafter referred to as "Defendants"), without waiving defenses, and hereby respectfully file this Notice of Removal by Defendant Walmart Real Estate Business Trust and Consent to Removal by Defendants Wal-Mart Stores East, LP and Willie Antwain Pitts to the United States District Court for the Middle District of Georgia, Macon Division, showing this honorable Court, as follows:

1.

On March 15, 2023, Plaintiffs filed this personal injury suit against Defendants in the State Court of Bibb County, Georgia, which is located in the Middle District of this honorable Court. "Exhibit A" to this notice includes copies of all process, pleadings, and orders received by Defendants and filed in Bibb County in this action as of the time of this removal. Defendant Pitts was served with a copy of Plaintiffs' Complaint for Personal Injuries, Wrongful Death, and Damages (hereinafter "Complaint") Complaint on March 21, 2023, Wal-Mart Stores, East, LP, was served with the Complaint on March 23, 2023, and Defendant Walmart Real Estate Business Trust was served with the Complaint on March 28, 2023. (Exhibit "A", Service of Process and Affidavits of Service). Defendants have timely answered. This case is being removed within 30 days of the last-served defendant and removal is therefore timely. *Bailey v. Janssen Pharmaceutica Inc.*, 2008 WL 2894742 (11th Cir. July 29, 2008) (holding in multi-defendant cases, an earlier-served defendant in state court cannot waive the later-served defendant's right to remove the case to federal court).

2.

Plaintiffs' Complaint alleges that Ronnie Joe Albea was shot and killed while an invitee at a Wal-Mart store in Bibb County, Georgia, and alleges that Defendants

breached their duty owed to Plaintiffs' by failing to exercise ordinary care to keep their premises safe. (See, Exhibit "A" Complaint).

3.

Plaintiffs' Complaint seeks "to recover the full value of the life of Smith for his wrongful death and all other elements of damages allowed under Georgia law. Plaintiffs seek all compensatory, special, economic, consequential, general, and all other damages permissible under Georgia law, including but not limited to: (a) Personal and physical injuries; (b) Pain and suffering, both mental and physical; (c) Medical expenses; (d) Burial expenses; (e) Funeral expenses; and (f) Wrongful death. (Complaint ¶¶ 42, 43.) Plaintiffs' Complaint does not contain an amount in controversy in the ad damnum clause but seeks "all wrongful death damages permitted under Georgia law in an amount to be determined by the enlightened conscience of an impartial jury". (Id).

4.

Decedent Ronnie Joe Albea was a resident and citizen of the State of Georgia. Plaintiff Misty Cox is the duly appointed Temporary Administrator of the Estate of Ronnie Joe Albea Smith and the legal representative of the decedent's estate, and as such, she "shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C.A. § 1332 (West). (Id.) Furthermore, upon information and belief, Plaintiffs Misty Cox, Sabrina Albea, Jessie Albea, and Pamela Hughes, legal

guardian of Robert Hughes and Makinsley Albea, minor children and next of kin of Ronnie Joe Albea, individually, upon information and belief are residents and citizens of the State of Georgia.

5.

Walmart Stores East, LP is a Delaware limited liability partnership, of which WSE Management, LLC (a Delaware limited liability company) is the sole general partner and WSE Investment, LLC (a Delaware limited liability company) is the sole limited partner. The sole member of WSE Management, LLC and of WSE Investment, LLC is Wal-Mart Stores East, LLC, an Arkansas limited liability company. The sole member of Wal-Mart Stores East, LLC is Walmart Inc., a Delaware corporation and Wal-Mart Stores East, LLC is a wholly-owned subsidiary of Walmart Inc., a Delaware corporation. Wal-Mart Stores East, L.P.'s principal place of business is in Arkansas. As such, Wal-Mart Stores East, LP and none of its partners, none of its partners' members are citizens of the State of Georgia at the time of, or immediately prior to, the filing and service of this lawsuit, or at any time thereafter.

6.

Walmart Real Estate Business Trust is a Delaware statutory trust of which the sole unit holder is Wal-Mart Property Co. Wal-Mart Property Co. is a Delaware

corporation with its principal place of business in Arkansas. Therefore, Walmart Real Estate Business Trust is a citizen of Delaware and Arkansas.

7.

Plaintiffs' Complaint alleges that Defendant Willie Antwain Pitts, a Georgia citizen and former Wal-Mart employee, "was a store manager responsible for the operation, management, access, and safety of the Harrison Road Walmart Supercenter and their invitees" at the time of the shooting, and that Defendants Wal-Mart Stores, East, LP, Walmart Real Estate Business Trust, and Willie Antwain Pitts "owned, operated, controlled, occupied, and/or managed the Walmart Supercenter located at 6020 Harrison Road in Macon, Bibb County, Georgia." (Exhibit A, Complaint at ¶¶ 9, 10). Defendants deny that Mr. Pitts was a store manager or that he was employed by any Walmart related entity at the time of the incident, but admit that he is a Georgia resident. A Motion to Dismiss for Fraudulent Joinder on behalf of Defendant Pitts is being filed contemporaneously herewith. For the reasons set forth therein, he is not a proper party to this case.

8.

Plaintiffs have improperly and/or fraudulently joined Defendant Pitts in this action in an attempt to avoid diversity jurisdiction.

9.

As such, complete diversity of citizenship exists between Plaintiffs, who are residents and citizens of the State of Georgia, and Defendants Wal-Mart Stores East, LP and Walmart Real Estate Business Trust, who are not citizens of the State of Georgia.[1]

10.

As set forth more fully in the accompanying Motion to Dismiss for Fraudulent Joinder, Plaintiffs' Complaint shows that Plaintiffs have no possibility of recovery against Defendant Pitts. *Newman v. Wal-Mart Stores E., L.P.*, No. 7:15-CV-165 (HL), 2015 WL 7258497, at *4 (M.D. Ga. Nov. 17, 2015); *Joy v. Wal-Mart Stores E., LP et al.*, No. 1:20-CV-04309-WMR, 2021 WL 2562146, at *1 (N.D. Ga. Mar. 23, 2021); *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98 (1990).

10.

Inasmuch as there is diversity jurisdiction between the only proper parties to this action, Plaintiffs' fraudulent joinder of Defendant Pitts should be disregarded by this Court in considering diversity jurisdiction. Therefore, Defendants have filed, concurrently with this Notice of Removal, a Motion to Dismiss for Fraudulent Joinder.

---

[1] Defendant Walmart Real Estate Business Trust was not involved in the day-to-day operations of the subject store and will seek dismissal.

11.

As a wrongful death action and given the damages sought in the Complaint, Plaintiffs' Complaint establishes on its face that the amount in controversy in this action exceeds $75,000. *Allen v. Golden Gate Nat'l Senior Care LLC,* No. 1:10-CV-1661-WSD, 2010 WL 11597562, at *2 (N.D. Ga. July 28, 2010).

12.

Defendants have timely removed this case pursuant to 28 U.S.C.A. §1446(b)(1) which provides that the "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…". This case is being removed within 30 days of the last-served defendant (Defendant Walmart Real Estate Business Trust was served March 28, 2023, See Exhibit "A") and removal is therefore timely. *Bailey v. Janssen Pharmaceutica Inc.*, 2008 WL 2894742 (11th Cir. July 29, 2008). (Exhibit "A", pp. 1-2).

13.

"When a civil action is removed solely under § 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). (Emphasis supplied.). The unanimity requirement is a "bright line" limitation that is strictly enforced. *Russell Corp. v.*

*American Home Assurance Co.*, 264 F.3d 1040, 1049-50 (11th Cir. 2001). *Smith v. Health Center of Lake City, Inc.*, 252 F.Supp.2d 1336, 1338-39 (M.D. Fla. 2003). Each separate defendant must personally or through that defendant's own counsel confirm to the District Court, within the time permitted to seek removal, that the defendant has consented to or joined in removal. Defendants Wal-Mart Stores East, LP and Willian Antwain Pitts consent to the removal of this case. Accordingly, all of the consent removal requirements found in 28 U.S.C. § 1446 are satisfied.

13.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a) and 1441 because complete diversity exists between the proper parties to this action and the amount in controversy exceeds $75,000.00.

14.

Pursuant to the provisions of 28 U.S.C. § 1446, Defendants have attached (as Exhibit A) copies of all process, pleadings, and orders served on and filed by Defendants in the State Court of Bibb County, Georgia for the above-styled case.

15.

Pursuant to 28 U.S.C. § 1447, Defendants are not required to file a removal bond.

16.

Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 U.S.C. § 1446 per the attached certificate of service.

17.

A true and correct copy of this Notice of Removal will be filed with the Clerk of State Court of Bibb County, Georgia, as required by 28 U.S.C. § 1446.

WHEREFORE, Defendants pray that this lawsuit be removed to the United States District Court for the Middle District of Georgia, Macon Division, that this Court take cognizance and jurisdiction over this claim from the State Court of Bibb County, Georgia, and that this action shall proceed as removed and under this Court's jurisdiction pursuant to 28 U.S.C. §1332.

Respectfully submitted, this 27th day of April, 2023.

**DREW, ECKL & FARNHAM, LLP**

*/s/ Garret W. Meader*
Garret W. Meader
Georgia Bar No. 142402
*Attorneys for Defendants*

100 Main Street, Suite A
St. Simons Island, Georgia 31522
Ph: (912) 280-9662
Fax: (404) 876-0992
gmeader@deflaw.com

*/s/ Franklin T. Coleman, IV*
Franklin T. Coleman, IV
Georgia Bar No. 177580

- 10 -

                                                           *Attorney for Defendants*

1604 W. Third Ave.
Albany, GA 31707
229/431-3036
ColemanF@deflaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing ***NOTICE OF REMOVAL*** on all parties by e-filing with the Court's PACER electronic filing system which will provide service of same to the below, and by depositing a copy of same in the U.S. mail, with proper postage prepaid and addressed as follows:

Katherine L. McArthur, Esq.
Caleb F. Walker, Esq.
Jessica A. Edmonds, Esq.
MCARTHUR LAW FIRM
6055 Lakeside Commons, Suite 400
Macon, Georgia 31210
kmcarthur@mcarthurlawfirm.com
cwalker@mcarthurlawfirm.com
jedmonds@mcarthurlawfirm.com

This 27th day of April, 2023.

                                       **DREW, ECKL & FARNHAM, LLP**

                                       */s/ Garret W. Meader*

                                       Garret W. Meader
                                       Georgia Bar No. 142402
                                       *Attorney for Defendants*

100 Main Street, Suite A
St. Simons Island, Georgia 31522
Ph: (912) 280-9662
Fax: (404) 876-0992
gmeader@deflaw.com