# EXHIBIT "A"

All State Court Pleadings

## SHERIFF'S ENTRY OF SERVICE

Civil Action No. __23-SCCV-095604__

Date Filed __03/15/23 05:06 PM__

Attorney's Address   **Edmonds, Jessica A**
**McArthur Law Firm**
**6055 Lakeside Commons Drive**
**Suite 400**
**Macon, GEORGIA 31210-**

Name and Address of Party to be Served.
__Wal-Mart Stores East, LP v/r/a Corp. Co.__

__106 Colony Park Drive, Ste 800-B__

__Cumming, GEORGIA 30040__

| Superior Court | ☐ | Magistrate Court | ☐ |
| State Court | ☒ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Georgia, __BIBB__ COUNTY

Cox, Misty; Albea, Sabrina; Albea, Jessie; Hughes, Pamela

Plaintiff

VS.

Wal-Mart Stores East, LP v/r/a Corp. Co.; Walmart Real

Estate Bus. Trust v/r/a Corp. Trust Center; Pitts, Antwain W

Defendant

Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant_____personally with a copy
of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant_____by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____described as follows:
age, about _____years; weight _____pounds; height, about _____feet and _____inches, domiciled at the residence of
defendant.

**CORPORATION**
☐ Served the defendant_____a corporation
by leaving a copy of the within action and summons with_____
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**
☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This _____day of _____, 20_____

_____
Deputy

EXHIBIT "A"

## SHERIFF'S ENTRY OF SERVICE

| | |
|---|---|
| Civil Action No. __23-SCCV-095604__ | Superior Court ☐  Magistrate Court ☐<br>State Court ☒  Probate Court ☐<br>Juvenile Court ☐ |
| Date Filed __03/15/23 05:06 PM__ | Georgia, __BIBB__ COUNTY |

Attorney's Address  **Edmonds, Jessica A**
**McArthur Law Firm**
**6055 Lakeside Commons Drive**
**Suite 400**
**Macon, GEORGIA 31210-**

Cox, Misty; Albea, Sabrina; Albea, Jessie; Hughes, Pamela

_____
Plaintiff

Name and Address of Party to be Served.
**Wal-Mart Stores East, LP v/r/a Corp. Co.**

**106 Colony Park Drive, Ste 800-B**

**Cumming, GEORGIA 30040**

VS.
Wal-Mart Stores East, LP v/r/a Corp. Co.; Walmart Real

Estate Bus. Trust v/r/a Corp. Trust Center; Pitts, Antwain W
_____
Defendant

_____
Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
☐ Served the defendant _____ a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this court.

This _____ day of _____, 20_____

_____
Deputy

## SHERIFF'S ENTRY OF SERVICE

Civil Action No. _____ **23-SCCV-095604** _____

Date Filed _____ **03/15/23 05:06 PM** _____

Attorney's Address  **Edmonds, Jessica A**
**McArthur Law Firm**
**6055 Lakeside Commons Drive**
**Suite 400**
**Macon, GEORGIA 31210-**

Name and Address of Party to be Served.
**Wal-Mart Stores East, LP v/r/a Corp. Co.** _____

**106 Colony Park Drive, Ste 800-B** _____

**Cumming, GEORGIA 30040** _____

| | | | |
|---|---|---|---|
| Superior Court | ☐ | Magistrate Court | ☐ |
| State Court | ☒ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Georgia, _____ **BIBB** _____ COUNTY

Cox, Misty; Albea, Sabrina; Albea, Jessie; Hughes, Pamela
_____
_____
Plaintiff

VS.

Wal-Mart Stores East, LP v/r/a Corp. Co.; Walmart Real

Estate Bus. Trust v/r/a Corp. Trust Center; Pitts, Antwain W
Defendant

_____
_____
Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐ I have this day served the defendant_____ personally with a copy
of the within action and summons.

**NOTORIOUS**

☐ I have this day served the defendant_____ by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**

☐ Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**

☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**

☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This _____ day of _____, 20_____

_____
Deputy

EXHIBIT "A"

# STATE COURT OF BIBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>23-SCCV-095604</u>

Cox, Misty
Albea, Sabrina
Albea, Jessie
Hughes, Pamela

---

**PLAINTIFF**

**VS.**

Wal-Mart Stores East, LP v/r/a Corp. Co.
Walmart Real Estate Bus. Trust v/r/a Corp.
Trust Center
Pitts, Antwain W

---

**DEFENDANTS**

## SUMMONS

TO: WAL-MART STORES EAST, LP V/R/A CORP. CO.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **Jessica A Edmonds**
> **McArthur Law Firm**
> **6055 Lakeside Commons Drive**
> **Suite 400**
> **Macon, Georgia 31210**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 15th day of March, 2023.**

Clerk of State Court

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

Page 1 of 1

EXHIBIT "A"

✪ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**23-SCCV-095604**
JBH
MAR 15, 2023 05:06 PM

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

**IN THE STATE COURT OF BIBB COUNTY**
**STATE OF GEORGIA**

Misty Cox as Administrator of the Estate of
Ronnie Joe Albea; Sabrina Albea as
daughter and next of kin of Ronnie Joe
Albea, deceased; Jessie Albea as daughter
and next of kin of Ronnie Joe Albea,
deceased; and Pamela Hughes as legal
guardian of Robert Hughes, minor son and
next of kin of Ronnie Joe Albea, deceased,
and legal guardian of Makinsley Albea,
minor daughter and next of kin of Ronnie
Joe Albea, deceased.

      Plaintiffs,

      v.

Wal-Mart Stores East, LP, Walmart Real
Estate Business Trust, and Willie Antwain
Pitts,

      Defendants.

CIVIL ACTION NO.

---

**COMPLAINT FOR PERSONAL INJURIES, WRONGFUL DEATH, AND DAMAGES**

COME NOW Plaintiffs in the above-styled action and file this Complaint as follows:

**Parties and Jurisdiction**

1.

Plaintiff Misty Cox is the duly appointed Temporary Administrator of the Estate of Ronnie

Joe Albea by virtue of the Order of the Probate Court of Bibb County, Georgia, attached hereto as

Exhibit A.

2.

Plaintiffs Sabrina Albea and Jessie Albea are adult children and next of kin of Ronnie Joe

Albea, deceased.

1

EXHIBIT "A"

3.

Plaintiff Pamela Hughes is the legal guardian of Robert Hughes, a minor, and Makinsley Albea, a minor. Robert Hughes and Makinsley Albea are minor children and next of kin of Ronnie Joe Albea, deceased.

4.

Defendant Wal-Mart Stores East, LP is a foreign for-profit partnership organized under the laws of the State of Arkansas. Defendant Wal-Mart Stores East, LP maintains an office and transacts business in Bibb County, Georgia. Service may be made on said Defendant by serving its Registered Agent: The Corporation Company (FL), 106 Colony Park Drive Ste. 800-B, Cumming, GA, 30040.

5.

Jurisdiction and venue are proper as to Defendant Walmart Real Estate Trust as a joint tortfeasor.

6.

Defendant Walmart Real Estate Business Trust is a Statutory Trust in the State of Delaware.  Service can be made on said Defendant by serving its Registered Agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware, 19801.

7.

Jurisdiction and venue are proper as to Defendant Wal-Mart Stores East, LP as a joint tortfeasor.

8.

Defendant Willie Antwain Pitts is a resident of Bibb County, Georgia, residing at 3653 Lindsey Drive, Macon, Bibb County, Georgia 31206. By virtue of the facts alleged herein, and as

EXHIBIT "A"

a joint tortfeasor, Defendant Willie Antwain Pitts is subject to the jurisdiction and venue of this Court. Defendant Willie Antwain Pitts may be personally served at his place of residence.

9.

At all relevant times, Defendant Willie Antwain Pitts was an employee of Defendant Wal-Mart Stores East, LP acting within the course and scope of his employment. Specifically, Defendant Pitts was a store manager responsible for the operation, management, access, and safety of the Harrison Road Walmart Supercenter and their invitees. Wal-Mart Stores East, LP is liable for the negligence of Defendant Pitts under the doctrine of *respondeat superior*.

10.

At all times herein, Defendants owned, operated, controlled, and/or managed the Walmart Supercenter located at 6020 Harrison Road, Macon, Bibb County, Georgia (the "Walmart Store").

### Factual Allegations

11.

On or about August 5, 2022, Ronnie Joe Albea was an invitee on Defendants' premises located at 6020 Harrison Road, Macon, Bibb County, Georgia.

12.

The Harrison Road Walmart Store is a business open to the public for purposes including shopping and purchasing goods. Defendants represented to their invitees that the property at issue was properly maintained and that the premises were safe.

13.

Ronnie Joe Albea and Misty Cox drove their vehicle onto the store premises and parked in the parking lot immediately in front of the middle store entrance. They parked near the store entrance close to the handicapped parking spaces.

3

EXHIBIT "A"

14.

Ronnie Joe Albea and Misty Cox then entered the Harrison Road Walmart Store to shop and purchase goods from Defendants. After completing their shopping, they exited the store and began loading the purchases into their vehicle in the store parking lot.

15.

At approximately 8:22 p.m., as Mr. Albea and Ms. Cox were loading items into their vehicle in the parking lot of Defendants' store premises, they were approached by two assailants who demanded the keys to the vehicle.

16.

The confrontation was recorded by security cameras on the outside of the store that were positioned to record the parking lot. Below is a screenshot from one of the security camera recordings of the confrontation:



17.

The confrontation was also recorded by at least one security camera located atop a light pole

EXHIBIT "A"

in the store parking lot. Below is a screenshot from that security camera recording of the confrontation:



18.

During the confrontation Mr. Albea was shot by one of the assailants, a heavy-set black male. The assailants picked up the shell casings from the shooting and fled on foot:

5



19.

Mr. Albea later died from the gunshot wound.

20.

At all relevant times and under the circumstances then existing, Ronnie Joe Albea exercised ordinary care and diligence and was a completely innocent victim free of any contribution to his death.

21.

Defendants breached their duty owed to Ronnie Joe Albea by failing to exercise ordinary care to keep their premises safe. Defendants owed a duty to keep the premises and approaches safe for their invitees, including Mr. Albea.

### Notice, Prior Knowledge, and Foreseeability

22.

Prior to and on August 5, 2022, Defendants negligently maintained, inspected, secured, patrolled, and managed the Walmart Store and its premises. Defendants had actual and

6

constructive knowledge of the need to properly maintain, secure, inspect, patrol, and manage said premises, but failed to exercise ordinary care to do so, thereby creating an unreasonable risk of injury to invitees, including Ronnie Joe Albea.

23.

Defendants knew or should have known that a significant number of violent crimes were committed at the Walmart Store and its premises, but negligently failed to protect invitees like Ronnie Joe Albea from the risks of violent crime. For example, based upon publicly available records, Defendants knew or should have known of the following violent and/or gun crimes, among others, reported at the Harrison Road Walmart Supercenter in the two years prior to the subject incident, including but not limited to:

a) At least two gang-related incidents including an aggravated assault/shooting;

b) At least one additional incident involving a shooting;

c) At least one armed robbery;

d) At least two aggravated assaults;

e) At least 10 incidents involving shots fired;

f) At least 14 additional incidents involving firearms;

g) At least 17 incidents involving assault, battery, fights, or physical altercations; and

h) Other violent and/or gun crimes to be proven at trial.

24.

Defendants had actual knowledge of the dangerous and hazardous conditions existing at the premises due to the knowledge of their employees and agents.

25.

Defendants had constructive knowledge of the dangerous and hazardous conditions

EXHIBIT "A"

existing on the premises through the knowledge of their employees and agents and due to the prior criminal activity and dangers associated with the property and surrounding areas.

26.

Because Defendants knew or should have known about the history of violent criminal activity at the Walmart Store and in the surrounding high-crime area, the subject shooting was foreseeable to Defendants. Thus, Defendants owed a duty to invitees like Ronnie Joe Albea to exercise ordinary care in keeping the premises and approaches safe from criminal activity, and negligently breached that duty.

27.

Defendants breached the duty owed to Ronnie Joe Albea by failing to exercise ordinary care to keep their premises and approaches safe.

28.

Defendants had actual and/or constructive knowledge of criminal activity existing on their premises and in the surrounding area prior to the attack on Ronnie Joe Albea. Said criminal activity was negligently permitted to exist and remain at said premises.

29.

Defendants knew of, or in the exercise of ordinary care, should have known of the dangerous and hazardous conditions existing on the premises and the failure to maintain, inspect, secure, patrol, and manage the premises and that said conditions were likely to result in criminal attacks like the subject incident.

30.

Defendants had actual and constructive knowledge of criminal activity at the subject premises and in the high-crime area in which it was located prior to the subject shooting, but negligently failed to warn Ronnie Joe Albea.

EXHIBIT "A"

## Allegations of Negligence

### 31.

Defendants negligently failed to maintain adequate security devices and personnel to permit proper use of the property, thereby causing an unreasonable risk of injury to invitees, including Ronnie Joe Albea.

### 32.

At all times mentioned herein, Defendants controlled the management of the property, and had the legal duty to keep the premises in a state consistent with the due regard for the safety of their invitees, including Ronnie Joe Albea. Defendants breached said duty and failed to act as similarly situated businesses would in like circumstances.

### 33.

Defendants negligently failed to maintain a policy, procedure, or system of investigating, reporting, and warning of the aforementioned criminal activity and negligently maintained the subject property.

### 34.

Defendants failed to take appropriate action to remedy or reduce the danger to their invitees, including Ronnie Joe Albea and allowed the dangerous environment on the subject property to worsen and continue to exist unabated, thereby creating a nuisance.

### 35.

Because Defendants had knowledge of, or in the exercise of reasonable care should have had knowledge of the dangerous environment of said property, Defendants are liable for the negligent supervision, hiring, training, and retention of their employees and the entrustment of said property to their agents and employees. Said negligence was the proximate cause of the damages, injuries, and death to Ronnie Joe Albea.

EXHIBIT "A"

36.

Defendants negligently represented to their invitees that the property at issue was properly maintained and that the premises were safe.

37.

The Defendants were negligent and said negligence proximately caused Ronnie Joe Albea's injuries and death in the following ways, to-wit:

a) Negligently violating O.C.G.A. § 51-3-1 by failing to exercise ordinary care to keep the premises safe;

b) Negligently violating O.C.G.A. § 44-7-13 by failing to keep the premises in repair;

c) Negligently violating O.C.G.A. § 41-1-1 by creating and maintaining a nuisance;

d) Negligently violating O.C.G.A. § 16-15-7, the Georgia Street Gang Terrorism and Prevention Act, by permitting criminal gang activity on the premises;

e) Negligently failing to provide adequate and appropriate security personnel;

f) Negligently failing to properly inspect and maintain the premises;

g) Negligently failing to properly train and supervise their employees regarding the maintenance and safety of said premises;

h) Negligently failing to properly retain, hire, train, and supervise said employees;

i) Negligently failing to ensure business policies, systems, and security were adequately followed and implemented;

j) Negligently failing to act to prevent loitering and trespassing;

k) Negligently failing to act to remove loiterers and trespassers;

l) Negligently failing to inspect, patrol, or appropriately monitor the property;

m) Negligently failing to employ other available security measures, personnel, and devices, such as controlled access, adequate signage, cameras, patrols, inspections, and other

EXHIBIT "A"

measures available;

n)  Negligently failing to remediate a history of crime at the subject property and others nearby in the area;

o)  Negligently failing to warn invitees of known hazards at the property;

p)  Negligently misrepresenting to invitees that the property was safe; and

q)  All other acts of negligence to proven at trial.

### 38.

Defendants' failure to properly secure the property enabled criminal street gangs to use the property to conduct criminal gang activity. The subject shooting occurred because of gang activity and use of a weapon in the commission of a criminal offense in the State of Georgia. Thus, Defendants violated the Georgia Street Gang Terrorism and Prevention Act (O.C.G.A. § 16-15-7) and are liable for treble damages accordingly.

### 39.

Defendants' negligence was a cause in fact and a proximate cause of Plaintiffs' damages and Ronnie Joe Albea's death.

### 40.

Each of the foregoing acts and omissions constitute an independent act of negligence on the part of the Defendants and were the proximate causes of Ronnie Joe Albea's personal injuries and wrongful death.

### 41.

Defendants are liable for the damages set out herein directly, as well as under theories of *respondeat superior* and agency principles.

EXHIBIT "A"

## Wrongful Death

42.

Plaintiffs Sabrina Albea and Jessie Albea as next of kin of Ronnie Joe Albea, and Plaintiff Pamela Hughes as legal guardian of Robert Hughes and Makinsley Albea, minor children and next of kin of Ronnie Joe Albea, bring this cause of action for his wrongful death to recover damages representing the full value  of the life of Ronnie Joe Albea, economic and intangible, to himself had he lived. Decedent Ronnie Joe Albea was 41 years old at the time of his death, having been born on February 14, 1981 and having died on August 5, 2022. Plaintiffs seek all wrongful death damages permitted under Georgia law in an amount to be  determined by the enlightened conscience of a fair and impartial jury.

## Pain and Suffering, Medical, Funeral, and Burial Expenses

43.

Plaintiff Misty Cox as Administrator of the Estate of Ronnie Joe Albea brings this cause of action to recover general damages for the pre-death physical and mental pain and suffering of Mr. Albea, as well as to recover for the medical, funeral, and burial expenses incurred as a result of Defendants' negligence.

WHEREFORE, Plaintiffs respectfully pray that:

1) That summons be issued requiring Defendants to be served as provided by law and requiring the Defendants to answer this Complaint;

2) That Plaintiffs have a trial by a fair and impartial jury of twelve (12) members;

3) Plaintiff Misty Cox as Administrator of the Estate of Ronnie Joe Albea have judgment against and recover from Defendants for Mr. Albea's pain and suffering, both mental and physical, incurred as a result of the negligence of Defendants;

4) Plaintiff Misty Cox as Administrator of the Estate of Ronnie Joe Albea have judgment

EXHIBIT "A"

against and recover from Defendants for the medical, funeral, and burial expenses of Ronnie Joe Albea, which were incurred as a result of the negligence of Defendants;

5) Plaintiffs Sabrina Albea and Jessie Albea as next of kin of Ronnie Joe Albea, and Plaintiff Pamela Hughes as legal guardian of Robert Hughes and Makinsley Albea, minor children and next of kin of Ronnie Joe Albea obtain a judgment against and recover from Defendants for the full value of the life of Mr. Ronnie Joe Albea, pursuant to O.C.G.A § 51-4-1 *et seq*;

6) That Plaintiffs recover the costs of Court; and

7) Plaintiffs have such other relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 14th day of March, 2023.

KATHERINE L. MCARTHUR
Ga. Bar No. 480730
CALEB F. WALKER
Ga. Bar No. 431765
JESSICA A. EDMONDS
Ga. Bar No. 675784

MCARTHUR LAW FIRM
6055 Lakeside Commons, Suite 400
Macon, Georgia 31210
(478) 238-6600 – Telephone
(478) 238-6607 – Facsimile
cwalker@mcarthurlawfirm.com
jedmonds@mcarthurlawfirm.com
*Attorneys for Plaintiffs*

EXHIBIT "A"

**General Civil and Domestic Relations Case Filing Information Form**

EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

☐ Superior or ☑ State Court of ___Bibb_____ County

**23-SCCV-095604**
JRH

| For Clerk Use Only | MAR 15, 2023 05:06 PM |
|---|---|
| **Date Filed** 03-15-2023 | |
| MM-DD-YYYY | **Case Number** 23-SCCV-095604 |

Patricia M. Graves Clerk of State Court
Bibb County, Georgia

| **Plaintiff(s)** | **Defendant(s)** |
|---|---|
| Cox, Misty | Wal-Mart Stores East, LP v/r/a Corp. Co. |
| Last        First        Middle I.    Suffix    Prefix | Last        First        Middle I.    Suffix    Prefix |
| Albea, Sabrina | Walmart Real Estate Bus. Trust v/r/a Corp. Tru |
| Last        First        Middle I.    Suffix    Prefix | Last        First        Middle I.    Suffix    Prefix |
| Albea, Jessie | Pitts, Antwain W |
| Last        First        Middle I.    Suffix    Prefix | Last        First        Middle I.    Suffix    Prefix |
| Hughes, Pamela | |
| Last        First        Middle I.    Suffix    Prefix | Last        First        Middle I.    Suffix    Prefix |

**Plaintiff's Attorney** Edmonds, Jessica A        **Bar Number** 675784        **Self-Represented** ☐

Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____        _____
**Case Number**                 **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

Version 1.1.20

EXHIBIT "A"

## SHERIFF'S ENTRY OF SERVICE

**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**23-SCCV-095604**

JBH

APR 03, 2023 04:30 PM

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

Civil Action No. ___23-SCCV-095604___

Date Filed ___03/15/23 05:06 PM___

| | |
|---|---|
| Superior Court | ☐ |
| State Court | ☒ |
| Juvenile Court | ☐ |
| Magistrate Court | ☐ |
| Probate Court | ☐ |

Georgia, __BIBB__ COUNTY

Cox, Misty; Albea, Sabrina; Albea, Jessie; Hughes, Pamela

_____

Plaintiff

VS.

Wal-Mart Stores East, LP v/r/a Corp. Co.; Walmart Real

Estate Bus. Trust v/r/a Corp. Trust Center; Pitts, Antwain W

_____

Defendant

_____

Garnishee

Attorney's Address    **Edmonds, Jessica A**
**McArthur Law Firm**
**6055 Lakeside Commons Drive**
**Suite 400**
**Macon, GEORGIA 31210-**

Name and Address of Party to be Served.
**Walmart Real Estate Bus. Trust v/r/a Corp. Trust Center**

**1209 Orange Street**

**Wilmington, DELAWARE 19801**

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant_____personally with a copy
of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant_____by leaving a
copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____described as follows:
age, about _____years; weight _____pounds; height, about _____feet and _____inches, domiciled at the residence of
defendant.

**CORPORATION**
☒ Served the defendant _Walmart Real Estate Business Trust_ a corporation
by leaving a copy of the within action and summons with _Marcel Walker/ Co-Manager_
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the
door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the
same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said
summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST**
☐ Diligent search made and defendant_____
not to be found in the jurisdiction of this court.

This _28_ day of _March_ , 20 _23_ _____

_____
Deputy

EXHIBIT "A"



**Office of the Sheriff**
**New Castle County, Delaware**

**Scott T. Phillips**
**Sheriff**

Louis L. Redding City/County Bldg.
800 N. French Street
Wilmington, DE 19801
Office: 302-395-8450, Fax: 302-395-8460

3/29/2023

## AFFIDAVIT OF SERVICE

STATE OF DELAWARE)
              ) SS
NEW CASTLE COUNTY)

Court Case # 23-SCCV-095604
Sheriff # 23-001809

### COX, MISTY, ALBEA, SABRINA, JESSIE, HUGHES, PAMELA
#### vs
### WAL-MART STORES EAST, LP V/R/A CORP, CO; WALMART REAL ESTATE BUS. TRUST V/R/A CORP, TRUST CENTER, PITTS WILLIE ANTWAIN

Steven Elliott, being duly sworn, deposes that he/she is a Deputy Sheriff and avers that he/she served upon and left personally upon Registered Agent Representative  **Marcel Walker, SOP Manager** at **CORPORATION TRUST COMPANY 1209 ORANGE STREET WILMINGTON, DE 19801**  on 3/28/2023 at 10:30 AM a copy of SUMMONS AND COMPLAINT for **WAL-MART REAL ESTATE BUSINESS TRUST**.

The Deponent further avers that he/she knew the person so served to be the same person as mentioned in the Out of State document.

Fees Paid:  $75.00

_____
**Steven Elliott, Deputy Sheriff**

STATE OF DELAWARE)
              ) SS
NEW CASTLE COUNTY)

    **BE IT REMEMBERED** that on 3/29/2023 personally came before me, the Subscriber, a Notary Public of the State of Delaware, Steven Elliott, a Deputy Sheriff of New Castle County and State of Delaware and stated that the facts stated above are true and correct.

    **SWORN AND SUBSCRIBED** before me, the date and year aforesaid.

_____
Notary Public

LYNN E. JUMP
MY COMMISSION
EXPIRES
August 9, 2026
NOTARY PUBLIC
STATE OF DELAWARE

EXHIBIT "A"

**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**23-SCCV-095604**
JBH
**MAR 27, 2023 12:26 PM**

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

Misty Cox as Administrator of the Estate of
Ronnie Joe Albea; Sabrina Albea as daughter
and next of kin of Ronnie Joe Albea,
deceased; Jessie Albea as daughter and next
of kin of Ronnie Joe Albea, deceased; and
Pamela Hughes as legal guardian of Robert
Hughes, minor son and next of kin of Ronnie
Joe Albea, deceased, and legal guardian of
Makinsley Albea, minor daughter and next of
kin of Ronnie Joe Albea, deceased.,

    Plaintiffs,

v.

Wal-Mart Stores East, LP, Walmart Real
Estate Business Trust, and Willie Antwain
Pitts,,

    Defendants.

Civil Action No. 23-SCCV-095604

---

## AFFIDAVIT OF SERVICE OF CIVIL PROCESS

1.

My name is Mike Lewis, and I am of sound mind and legal age to make this Affidavit.

2.

I am a permanently appointed Special Process Server in in Bibb County.

3.

I certify that I have this day served a copy of the following documents upon Defendant

Wal-Mart Stores East, LP, via personal service at:

THE CORPORATION COMPANY (DAYVON JACKSON AS CLERK) AT

106 COLONY PARK DRIVE, SUITE 800-B IN CUMMING, GA ON 3/23/2023

1.    COMPLAINT AND SUMMONS;

Page 1 of 2

EXHIBIT "A"

2.    RULE 5.2 PLAINTIFF'S CERTIFICATE OF SERVICE OF DISCOVERY

MATERIAL;

3.    PLAINTIFF'S NOTICE OF DEPOSITION TO DEFENDANT PITTS;

4.    PLAINTIFF'S NOTICE OF 30(B)(6) DEPOSITION TO DEFENDANT WAL-

MART;

4.    PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS;

5.    PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO

DEFENDANTS; and,

6.    PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS;

This ___27TH___ day of March, 2023.

_____
MIKE LEWIS

Sworn before me this 27th

day of March , 2020. 2023

_____
Notary Public

MARNA J. BERRYHILL
Notary Public, Georgia
Bibb County
My Commission Expires
June 22, 2025

Page 2 of 2

EXHIBIT "A"

**SHERIFF'S ENTRY OF SERVICE**

Civil Action No. __23-SCCV-095604__

Date Filed __03/15/23 05:06 PM__

|  |  |  |  |
|---|---|---|---|
| Superior Court | ☐ | Magistrate Court | ☐ |
| State Court | ☒ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Georgia, __BIBB__ COUNTY

Attorney's Address  **Edmonds, Jessica A**
**McArthur Law Firm**
**6055 Lakeside Commons Drive**
**Suite 400**
**Macon, GEORGIA 31210-**

Cox, Misty; Albea, Sabrina; Albea, Jessie; Hughes, Pamela

_____
Plaintiff

VS.

Wal-Mart Stores East, LP v/r/a Corp. Co.; Walmart Real

Name and Address of Party to be Served.
**Wal-Mart Stores East, LP v/r/a Corp. Co.**

Estate Bus. Trust v/r/a Corp. Trust Center; Pitts, Antwain W
Defendant

**106 Colony Park Drive, Ste 800-B**

_____

**Cumming, GEORGIA 30040**

_____
Garnishee

---

SHERIFF'S ENTRY OF SERVICE

**PERSONAL**  ☐ I have this day served the defendant_____ personally with a copy of the within action and summons.

**NOTORIOUS**  ☐ I have this day served the defendant_____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of_____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**  ☐ Served the defendant _WAL-MART STORES EAST LP_ a corporation by leaving a copy of the within action and summons with _THE CORPORATION COMPANY (REGISTERED AGENT)_ in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL**  ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**  ☐ Diligent search made and defendant_____ not to be found in the jurisdiction of this court.

This _22_ day of _MARCH_, 20 _23_
_WEDNESDAY_

_____ Deputy

**Special Court Appointed
Process Server**

**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**23-SCCV-095604**
JBH
MAR 21, 2023 05:58 PM

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

Misty Cox as Administrator of the Estate of
Ronnie Joe Albea; Sabrina Albea as daughter
and next of kin of Ronnie Joe Albea,
deceased; Jessie Albea as daughter and next
of kin of Ronnie Joe Albea, deceased; and
Pamela Hughes as legal guardian of Robert
Hughes, minor son and next of kin of Ronnie
Joe Albea, deceased, and legal guardian of
Makinsley Albea, minor daughter and next of
kin of Ronnie Joe Albea, deceased.,

     Plaintiffs,

v.

Wal-Mart Stores East, LP, Walmart Real
Estate Business Trust, and Willie Antwain
Pitts,,

     Defendants.

Civil Action No. 23-SCCV-095604

## AFFIDAVIT OF SERVICE OF CIVIL PROCESS

1.

My name is Mike Lewis, and I am of sound mind and legal age to make this Affidavit.

2.

I am a permanently appointed Special Process Server in in Bibb County.

3.

I certify that I have this day served a copy of the following documents upon Defendant

Willie Antwain Pitts, via personal service at:

_3653 LINDSEY DRIVE, MACON, GA 31206 ON_

_3/21/2023 VIA Spouse, KRISTIE PITTS._

1.    COMPLAINT AND SUMMONS;

Page 1 of 2

2.    RULE 5.2 PLAINTIFF'S CERTIFICATE OF SERVICE OF DISCOVERY

MATERIAL;

3.    PLAINTIFF'S NOTICE OF DEPOSITION TO DEFENDANT PITTS;

4.    PLAINTIFF'S NOTICE OF 30(B)(6) DEPOSITION TO DEFENDANT WAL-

MART;

4.    PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS;

5.    PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO

DEFENDANTS; and,

6.    PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS;


This ____21ˢᵗ____ day of March, 2023.

_____
MIKE LEWIS


Sworn before me this 21ˢᵗ
day of March, 2023.


Notary Public

MARNA J. BERRYHILL
Notary Public, Georgia
Bibb County
My Commission Expires
June 22, 2025

Page 2 of 2

# SHERIFF'S ENTRY OF SERVICE

| | |
|---|---|
| Civil Action No. __23-SCCV-095604__ | Superior Court ☐  Magistrate Court ☐ |
| | State Court ☒  Probate Court ☐ |
| Date Filed __03/15/23 05:06 PM__ | Juvenile Court ☐ |

Georgia, _____**BIBB**_____ COUNTY

Attorney's Address **Edmonds, Jessica A**
**McArthur Law Firm**
**6055 Lakeside Commons Drive**
**Suite 400**
**Macon, GEORGIA 31210-**

Cox, Misty; Albea, Sabrina; Albea, Jessie; Hughes, Pamela

_____
Plaintiff

VS.
Wal-Mart Stores East, LP v/r/a Corp. Co.; Walmart Real

Name and Address of Party to be Served.
**Pitts, Antwain W**

**3653 Lindsey Drive**

**Macon, GEORGIA 31206**

Estate Bus. Trust v/r/a Corp. Trust Center; Pitts, Antwain W
Defendant

_____
Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant_____ personally with a copy of the within action and summons.

**NOTORIOUS** I have this day served the defendant _ANTWAIN W. PITTS_____ by leaving a copy of the action and summons at his most notorious place of abode in this County.
Delivered same into hands of _KRISTIE P. TTS-Spouse_____ described as follows:
age, about 35 _40_ years; weight _—_ pounds; height, about _—_ feet and _—_ inches, domiciled at the residence of defendant.

**CORPORATION** ☐ Served the defendant _____ a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in the County.

**TACK & MAIL** I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this court.

This _4_ day of _MARCH_ , 20 _23_

_____
Deputy

**Special Court Appointed**
**Process Server**

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| Misty Cox as Administrator of the Estate of Ronnie Joe Albea; Sabrina Albea as daughter and next of kin of Ronnie Joe Albea, deceased; Jessie Albea as daughter and next of kin of Ronnie Joe Albea, deceased; and Pamela Hughes as legal guardian of Robert Hughes, minor son and next of kin of Ronnie Joe Albea, deceased, and legal guardian of Makinsley Albea, minor daughter and next of kin of Ronnie Joe Albea, deceased.<br><br>     Plaintiffs,<br><br>v.<br><br>Wal-Mart Stores East, LP, Walmart Real Estate Business Trust, and Willie Antwain Pitts,<br><br>     Defendants. | Civil Action No. 23-SCCV-095604_____ |

**PLAINTIFFS' NOTICE OF DEPOSITION TO DEFENDANT Willie Antwain Pitts,**
**TO: Willie Antwain Pitts,**

You are hereby notified that beginning at 11:00 AM on May 10, 2023, at the following location: via zoom, link to be provided, the Plaintiffs will take the deposition of **Willie Antwain Pitts,** upon oral examination pursuant to O.C.G.A. § 9-11-30, before a notary public, or before some other officer duly authorized by law to take depositions. The deposition will continue from day to day until it is completed.

This 14th day of March, 2023.

/s/ Jessica A. Edmonds
KATHERINE L. McARTHUR
Georgia Bar No. 480730
Jessica A. Edmonds
Georgia Bar No. 675784

Page **1** of **2**

EXHIBIT "A"

MCARTHUR LAW FIRM
6055 Lakeside Commons, Suite 400
Macon, Georgia 31210
(478) 238-6600 – Telephone
(478) 238-6607 – Facsimile
jedmonds@mcarthurlawfirm.com
*Attorneys for Plaintiffs*

EXHIBIT "A"

**IN THE STATE COURT OF BIBB COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| Misty Cox as Administrator of the Estate of Ronnie Joe Albea; Sabrina Albea as daughter and next of kin of Ronnie Joe Albea, deceased; Jessie Albea as daughter and next of kin of Ronnie Joe Albea, deceased; and Pamela Hughes as legal guardian of Robert Hughes, minor son and next of kin of Ronnie Joe Albea, deceased, and legal guardian of Makinsley Albea, minor daughter and next of kin of Ronnie Joe Albea, deceased. | CIVIL ACTION NO. |
| **Plaintiffs,** | |
| v. | |
| Wal-Mart Stores East, LP, Walmart Real Estate Business Trust, and Willie Antwain Pitts, | |
| **Defendants.** | |

**NOTICE OF 30(b)(6) DEPOSITION**

**TO: Wal-Mart Stores East, LP**

**PLEASE TAKE NOTICE,** that on Wednesday, May 10, 2023 beginning at 10:00 AM via zoom, link to be provided, pursuant to O.C.G.A. §§ 9-11-30, 9-11-45, counsel for Plaintiff will take the videotaped deposition upon oral examination of the designated representative(s) from Wal-Mart Stores East, LP, for purposes of discovery and cross-examination and any other purpose permitted by the Georgia Civil Practice Act and the Georgia Rules of Evidence.

The deposition will be taken before a certified court reporter and videographer, authorized to administer oaths and to take depositions by stenographic and videographic means. The oral examination will continue from day to day, until its completion.

EXHIBIT "A"

Pursuant to O.C.G.A. § 9-11-30(b)(6), Plaintiff gives notice that the designated representative of , should have knowledge of the following matters for examination:

(1) Wal-Mart's Policies, Procedures or Rules regarding:

    a.   Security on the premises, including the parking lot; and,

    b.   Video Cameras/Surveillance of the parking lot

(2) Wal-Mart's investigation of the subject incident which gave rise to the above-captioned action;

(3) Wal-Marts's relationship, affiliation, or business connection with any security or safety contractor and the contracts with those contractors;

(4) Ownership, maintenance, and condition of the subject Wal-Mart parking lot; and,

(5) All security plans, correspondence, policies, documents, e-mails, facsimiles, memos, related to the security at the subject Wal-Mart in August 2022.

This 14th day of March, 2023.

/s/ Jessica A. Edmonds
Jessica A. Edmonds
Georgia Bar No. 675784

MCARTHUR LAW FIRM
6055 Lakeside Commons, Suite 400
Macon, Georgia 31210
(478) 238-6600 – Telephone
(478) 238-6607 – Facsimile
*jedmonds@mcarthurlawfirm.com*
*Attorneys for Plaintiff*

EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**23-SCCV-095604**
JBH
APR 20, 2023 06:06 PM

Patricia M. Graves Clerk of State Court
Bibb County, Georgia

## IN THE STATE COURT OF BIBB COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| Misty Cox, as Administrator of the Estate of Ronnie Joe Albea; Sabrina Albea as daughter and next of kin of Ronnie Joe Albea, deceased; Jessie Albea as daughter and next of kin of Ronnie Joe Albea, deceased; and Pamela Hughes as legal guardian of Robert Hughes, minor son and next of kin of Ronnie Joe Albea deceased, and legal guardian of Makinsley Albea, minor daughter and next of kin of Ronnie Joe Albea, deceased.<br><br>       Plaintiffs,<br><br>v.<br><br>Wal-Mart Stores East, LP, Walmart Real Estate Business Trust and Willie Antwain Pitts,<br><br>       Defendants. | CIVIL ACTION NO.<br>23-SCCV-095604 |

## DEFENDANT PITTS' ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW, Defendant Willie Antwain Pitts ("Defendant"), and files his Answer and Defenses to Plaintiffs' Complaint for Personal Injuries, Wrongful Death, and Damages ("Complaint"), showing the Court, as follows:

### FIRST DEFENSE

Willie Antwain Pitts was not the owner or operator of the store in question at the time of the incident and was not employed by Walmart at the time of the incident, and is an improper party to this case, and should be dismissed.

### SECOND DEFENSE

Defendant breached no duty owed to Plaintiffs or to Plaintiffs' decedent.

EXHIBIT "A"

## THIRD DEFENSE

No alleged breach of duty owed by Defendant was the proximate cause of the death of Plaintiffs' decedent or the resulting damages claimed by Plaintiffs.

## FOURTH DEFENSE

Pending further investigation and discovery and to preserve defenses, the death of Plaintiffs' decedent and the resulting damages claimed by Plaintiffs may have been caused in whole or in part by the acts of Plaintiffs' decedent in the event it is found that Plaintiffs' decedent voluntarily engaged in mutual combat with his assailant.

## FIFTH DEFENSE

Defendant states that fault must be apportioned among parties and non-parties to the case as required by law.

## SIXTH DEFENSE

Pending further investigation and discovery and to preserve defenses, Plaintiffs' claims may be barred by comparative and contributory negligence defenses that may relate to the actions of Plaintiffs' decedent.

## SEVENTH DEFENSE

Pending further investigation and discovery and to preserve defenses, Plaintiffs' claims may be barred by the doctrine of Consent if it is found that Plaintiffs' decedent consented to engage in mutual combat with his assailant(s).

## EIGHTH DEFENSE

Pending further investigation and discovery and to preserve defenses, if Plaintiffs' decedent is found to have voluntarily engaged in mutual combat with his assailant(s), Plaintiffs'

EXHIBIT "A"

decedent may have failed to exercise ordinary care for his own safety and thus Plaintiffs'
recovery may be barred.

### NINTH DEFENSE

Pending further investigation and discovery and to preserve defenses, to the extent
Plaintiffs' decedent engaged in mutual combat with his assailant(s), Plaintiffs' decedent would
have had superior knowledge of any dangerous condition created or posed by his assailant(s) and
as such, Plaintiffs' recovery against Defendant may be barred.

### TENTH DEFENSE

Defendant did not have constructive or actual knowledge that any person on the premises
presented a danger or hazard to Plaintiffs' decedent.

### ELEVENTH DEFENSE

Pending investigation and discovery, Plaintiffs' decedent may have had superior
knowledge of any risk or hazard posed by Plaintiffs' decedent's assailants.

### TWELFTH DEFENSE

The death of Plaintiffs' decedent and the resulting damages sought by Plaintiffs were
caused by the unforeseeable, intervening acts or omissions of his assailant(s), third party or
parties, none of which were foreseeable to Defendants.

### THIRTEENTH DEFENSE

Plaintiffs are not entitled to any special damages that Plaintiffs have failed to specifically
plead as required by the applicable civil practice act.

EXHIBIT "A"

**FOURTEENTH DEFENSE**

Pending further discovery and to preserve defenses, some of Plaintiffs' claims are or may be barred by failure of the Plaintiffs to prosecute the claims in the name of the real party in interest.

**FIFTEENTH DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**SIXTEENTH DEFENSE**

Pending further investigation and discovery and to preserve defenses, Plaintiffs' decedent's may have assumed the risk of injury by instigating or becoming involved in a personal dispute, confrontation, or mutual combat with his assailant(s).

**SEVENTEENTH DEFENSE**

Defendant did not willfully or wantonly injure Plaintiffs' decedent.

**EIGHTEENTH DEFENSE**

The death of Plaintiffs' decedent and the damages sought by Plaintiffs in this case were caused by the acts of his assailant(s).

**NINETEENTH DEFENSE**

Defendant reserves the right to assert additional defenses as they arise or as they become known through the course of discovery and trial.

**TWENTIETH DEFENSE**

Defendant responds to the individually numbered paragraphs of Plaintiffs' Complaint as follows:

EXHIBIT "A"

## Parties and Jurisdiction

1.

Defendant is without information sufficient to either admit or deny the allegations set forth in Paragraph No. 1 of Plaintiffs' Complaint.

2.

Defendant is without information sufficient to either admit or deny the allegations set forth in Paragraph No. 2 of Plaintiffs' Complaint.

3.

Defendant is without information sufficient to either admit or deny the allegations set forth in Paragraph No. 3 of Plaintiffs' Complaint.

4.

Defendant is without information sufficient to either admit or deny the allegations set forth in Paragraph No. 4 of Plaintiffs' Complaint.

5.

Defendant is without information sufficient to either admit or deny the allegations set forth in Paragraph No. 5 of Plaintiffs' Complaint.  Any allegation or implication of negligence or liability is denied.

6.

Defendant is without information sufficient to either admit or deny the allegations set forth in Paragraph No. 6 of Plaintiffs' Complaint.

7.

Defendant is without information sufficient to either admit or deny the allegations set forth in Paragraph No. 7 of Plaintiffs' Complaint.  Any allegation or implication of negligence or

EXHIBIT "A"

liability is denied.

8.

The allegations contained in Paragraph 8 of Plaintiffs' Complaint are denied, as pled.

9.

The allegations contained in Paragraph 9 of Plaintiffs' Complaint are denied.

10.

The allegations contained in Paragraph 10 of Plaintiffs' Complaint are denied, as pled.

**Factual Allegations**

11.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 11 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.  Defendant denies that decedent was on any premises owned or maintained by him on said date.

12.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 12 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

13.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 13 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

14.

At this time, Defendant is without information sufficient to admit or deny the allegations

EXHIBIT "A"

contained in Paragraph No. 14 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

15.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 15 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

16.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 16 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

17.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 17 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

18.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 18 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

19.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 19 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

EXHIBIT "A"

20.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 20 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

21.

The allegations contained in Paragraph 21 of Plaintiffs' Complaint are denied.

**Notice, Prior Knowledge, and Foreseeability**

22.

The allegations contained in Paragraph 22 of Plaintiffs' Complaint are denied.

23.

The allegations in Paragraph 23, and the subparts thereto, of Plaintiffs' Complaint are denied, as pled. Defendant is without information sufficient to respond to any allegations contained in the subparts to Paragraph 23.

24.

The allegations contained in Paragraph 24 of Plaintiffs' Complaint are denied, as pled.

25.

The allegations contained in Paragraph 25 of Plaintiffs' Complaint are denied, as pled.

26.

The allegations contained in Paragraph 26 of Plaintiffs' Complaint are denied, as pled. Defendant denies that he breached any duties.

27.

The allegations contained in Paragraph 27 of Plaintiffs' Complaint are denied, as pled.

EXHIBIT "A"

28.

The allegations contained in Paragraph 28 of Plaintiffs' Complaint are denied, as pled.

29.

The allegations contained in Paragraph 29 of Plaintiffs' Complaint are denied, as pled.

30.

The allegations contained in Paragraph 30 of Plaintiffs' Complaint are denied, as pled.

**Allegations of Negligence**

31.

The allegations contained in Paragraph 31 of Plaintiffs' Complaint are denied, as pled.

32.

The allegations contained in Paragraph 32 of Plaintiffs' Complaint are denied, as pled.

33.

The allegations contained in Paragraph 33 of Plaintiffs' Complaint are denied, as pled.

34.

The allegations contained in Paragraph 34 of Plaintiffs' Complaint are denied, as pled.

35.

The allegations contained in Paragraph 35 of Plaintiffs' Complaint are denied, as pled.

36.

The allegations contained in Paragraph 36 of Plaintiffs' Complaint are denied, as pled.

37.

The allegations contained in Paragraph 37, and the subparts thereto, of Plaintiffs' Complaint are denied, as pled.

EXHIBIT "A"

38.

The allegations contained in Paragraph 38 of Plaintiffs' Complaint are denied.

39.

The allegations contained in Paragraph 39 of Plaintiffs' Complaint are denied.

40.

The allegations contained in Paragraph 40 of Plaintiffs' Complaint are denied.

41.

The allegations contained in Paragraph 41 of Plaintiffs' Complaint are denied.

## **Wrongful Death**

42.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 42 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied. Defendant denies Plaintiffs are entitled to the relief requested.

## **Pain and Suffering, Medical, funeral, and Burial Expenses**

43.

The allegations contained in Paragraph 43 of Plaintiffs' Complaint are denied.

44.

Defendant denies that Plaintiffs are entitled to any of the relief identified in Plaintiffs' prayer for relief that is located immediately after Paragraph No. 43 of Plaintiffs' Complaint.

45.

Any remaining allegations which have not been heretofore admitted, denied, otherwise responded to, are hereby denied.

**DEFENDANTS HEREBY DEMANDS TRIAL BY A JURY OF TWELVE (12)**

EXHIBIT "A"

PERSONS AS TO ALL ISSUES THAT ARE NOT SUBJECT TO SUMMARY
ADJUDICATION.

WHEREFORE, having fully answered, Defendant prays for dismissal of this action with
all costs cast against the Plaintiffs.

Respectfully submitted this 20th day of April, 2023.

DREW, ECKL & FARNHAM, LLP

/s/ Garret W. Meader
Garret W. Meader
Georgia Bar No. 142402
*Attorneys for Defendants*

100 Main Street, Suite A
St. Simons Island, Georgia 31522
Ph: (912) 280-9662
Fax: (404) 876-0992
gmeader@deflaw.com

/s/ Dana A. King
Dana A. King
Georgia Bar No. 702279
*Attorney for Defendants*

303 Peachtree Road, NE
Suite 3500
Atlanta, Georgia 30308
kingd@deflaw.com

/s/ Franklin T. Coleman, IV
Franklin T. Coleman, IV
Georgia Bar No. 177580
*Attorney for Defendants*

1604 W. Third Ave.
Albany, GA 31707
229/431-3036
colemanf@deflaw.com

Page **11** of **12**

EXHIBIT "A"

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing

**DEFENDANT PITTS' ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT**

upon all parties to this matter by e-filing the same in the Court's designated online filing system,

and by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to

counsel of record as follows:

Katherine L. McArthur, Esq.
Caleb F. Walker, Esq.
Jessica A. Edmonds, Esq.
McArhur Law Firm, Esq.
6055 Lakeside Commons, Suite 400
Macon, Georgia 31210
cwalker@mcarthurlawfirm.com
jedmonds@mcarthurlawfirm.com

Respectfully submitted this 20th day of April, 2023.

**DREW, ECKL & FARNHAM, LLP**

*/s/ Garret W. Meader*

Garret W. Meader
Georgia Bar No. 142402
*Attorney for Defendants*

100 Main Street, Suite A
St. Simons Island, Georgia 31522
Ph: (912) 280-9662
Fax: (404) 876-0992
gmeader@deflaw.com

EXHIBIT "A"

EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**23-SCCV-095604**
JBH
APR 24, 2023 04:39 PM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| Misty Cox, as Administrator of the Estate of Ronnie Joe Albea; Sabrina Albea as daughter and next of kin of Ronnie Joe Albea, deceased; Jessie Albea as daughter and next of kin of Ronnie Joe Albea, deceased; and Pamela Hughes as legal guardian of Robert Hughes, minor son and next of kin of Ronnie Joe Albea deceased, and legal guardian of Makinsley Albea, minor daughter and next of kin of Ronnie Joe Albea, deceased. | ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 23-SCCV-095604 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Wal-Mart Stores East, LP, Walmart Real Estate Business Trust and Willie Antwain Pitts, | ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANT WAL-MART STORES EAST LP'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

COMES NOW, Defendant Wal-Mart Stores East, LP ("Defendant"), and files this Answer and Defenses to Plaintiffs' Complaint for Personal Injuries, Wrongful Death, and Damages ("Complaint"), showing the Court, as follows:

### FIRST DEFENSE

Pending further investigation and discovery and to preserve defenses, Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendant breached no duty owed to Plaintiffs or to Plaintiffs' decedent.

### THIRD DEFENSE

No alleged breach of duty owed by Defendant was the proximate cause of the death of Plaintiffs' decedent or the resulting damages claimed by Plaintiffs.

EXHIBIT "A"

## FOURTH DEFENSE

Pending further investigation and discovery and to preserve defenses, the death of Plaintiffs' decedent and the resulting damages claimed by Plaintiffs may have been caused in whole or in part by the acts of Plaintiffs' decedent in the event it is found that Plaintiffs' decedent voluntarily engaged in mutual combat with his assailant.

## FIFTH DEFENSE

Defendant states that fault must be apportioned among parties and non-parties to the case as required by law.

## SIXTH DEFENSE

Pending further investigation and discovery and to preserve defenses, Plaintiffs' claims may be barred by comparative and contributory negligence defenses that may relate to the actions of Plaintiffs' decedent.

## SEVENTH DEFENSE

Pending further investigation and discovery and to preserve defenses, Plaintiffs' claims may be barred by the doctrine of Consent if it is found that Plaintiffs' decedent consented to engage in mutual combat with his assailant(s).

## EIGHTH DEFENSE

Pending further investigation and discovery and to preserve defenses, if Plaintiffs' decedent is found to have voluntarily engaged in mutual combat with his assailant(s), Plaintiffs' decedent may have failed to exercise ordinary care for his own safety and thus Plaintiffs' recovery may be barred.

EXHIBIT "A"

## NINTH DEFENSE

Pending further investigation and discovery and to preserve defenses, to the extent Plaintiffs' decedent engaged in mutual combat with his assailant(s), Plaintiffs' decedent would have had superior knowledge of any dangerous condition created or posed by his assailant(s) and as such, Plaintiffs' recovery against Defendant may be barred.

## TENTH DEFENSE

Defendant did not have constructive or actual knowledge that any person on the premises presented a danger or hazard to Plaintiffs' decedent.

## ELEVENTH DEFENSE

Pending investigation and discovery, Plaintiffs' decedent may have had superior knowledge of any risk or hazard posed by Plaintiffs' decedent's assailants.

## TWELFTH DEFENSE

The death of Plaintiffs' decedent and the resulting damages sought by Plaintiffs were caused by the unforeseeable, intervening acts or omissions of his assailant(s), third party or parties, none of which were foreseeable to Defendants.

## THIRTEENTH DEFENSE

Plaintiffs are not entitled to any special damages that Plaintiffs have failed to specifically plead as required by the applicable civil practice act.

## FOURTEENTH DEFENSE

Pending further discovery and to preserve defenses, some of Plaintiffs' claims are or may be barred by failure of the Plaintiffs to prosecute the claims in the name of the real party in interest.

EXHIBIT "A"

## FIFTEENTH DEFENSE

Defendants Willie Antwain Pitts and Walmart Real Estate Business Trust are improper parties and should be dismissed.

## SIXTEENTH DEFENSE

Pending further investigation and discovery and to preserve defenses, Plaintiffs' decedent's may have assumed the risk of injury by instigating or becoming involved in a personal dispute, confrontation, or mutual combat with his assailant(s).

## SEVENTEENTH DEFENSE

Defendant did not willfully or wantonly injure Plaintiffs' decedent.

## EIGHTEENTH DEFENSE

The death of Plaintiffs' decedent and the damages sought by Plaintiffs in this case were caused by the acts of his assailant(s).

## NINETEENTH DEFENSE

Defendant reserves the right to assert additional defenses as they arise or as they become known through the course of discovery and trial.

## TWENTIETH DEFENSE

Defendant responds to the individually numbered paragraphs of Plaintiffs' Complaint as follows:

### Parties and Jurisdiction

1.

Defendant is without information sufficient to either admit or deny the allegations set forth in Paragraph No. 1 of Plaintiffs' Complaint.

2.

EXHIBIT "A"

Defendant is without information sufficient to either admit or deny the allegations set forth in Paragraph No. 2 of Plaintiffs' Complaint.

3.

Defendant is without information sufficient to either admit or deny the allegations set forth in Paragraph No. 3 of Plaintiffs' Complaint.

4.

The allegations contained in Paragraph 4 of Plaintiffs' Complaint are admitted, generally. However, Defendant denies any allegation or implication of negligence or liability.

5.

The allegations contained in Paragraph 5 of Plaintiffs' Complaint are denied, as pled.

6.

Defendant is without information sufficient to either admit or deny the allegations set forth in Paragraph No. 6 of Plaintiffs' Complaint.

7.

The allegations contained in Paragraph 7 of Plaintiffs' Complaint are denied, as pled.

8.

The allegations contained in Paragraph 8 of Plaintiffs' Complaint are denied, as pled.

9.

The allegations contained in Paragraph 9 of Plaintiffs' Complaint are denied.

10.

The allegations contained in Paragraph 10 of Plaintiffs' Complaint are denied, as pled. However, Defendant admits that it was the entity responsible for the day-to-day operations of the subject store on the day in question.  Defendant denies any allegation or implication of

EXHIBIT "A"

negligence or liability.

## Factual Allegations

11.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 11 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

12.

In response to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Defendant admits that it was responsible for the day-to-day operations of the subject store on the day in question. Defendant breached no duties which may have been owed with regard to the maintenance of the subject premises or general representations related thereto. Any remaining allegations are denied, as pled, as those allegations are vague, ambiguous, and call for reaching a conclusion of law in forming a response. Any allegation or implication of negligence or liability is denied.

13.

In response to the allegations contained in Paragraph 13 of Plaintiffs' Complaint, Defendant admits only that Mr. Ablea and Mr. Cox were at the subject store on the day in question. At this time, Defendant is without information sufficient to admit or deny the remaining allegations contained in Paragraph No. 13 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

14.

In response to the allegations contained in Paragraph 14 of Plaintiffs' Complaint, Defendant admits only that Mr. Ablea and Mr. Cox were at the subject store on the day in

EXHIBIT "A"

question.  At this time, Defendant is without information sufficient to admit or deny the remaining allegations contained in Paragraph No. 14 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

15.

In response to the allegations contained in Paragraph 15 of Plaintiffs' Complaint, Defendant admits only that Mr. Ablea and Mr. Cox were at the subject store on the day in question.  At this time, Defendant is without information sufficient to admit or deny the remaining allegations contained in Paragraph No. 15 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

16.

In response to the allegations contained in Paragraph 16 of Plaintiffs' Complaint, Defendant admits only that portions of the incident may have been captured by the store's video surveillance system.  At this time, Defendant is without information sufficient to admit or deny any allegations contained in Paragraph No. 16 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

17.

In response to the allegations contained in Paragraph 17 of Plaintiffs' Complaint, Defendant admits only that portions of the incident may have been captured by the store's video surveillance system.  At this time, Defendant is without information sufficient to admit or deny any allegations contained in Paragraph No. 17 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

18.

At this time, Defendant is without information sufficient to admit or deny the allegations

EXHIBIT "A"

contained in Paragraph No. 18 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

19.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 19 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

20.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 20 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

21.

The allegations contained in Paragraph 21 of Plaintiffs' Complaint are denied.

**Notice, Prior Knowledge, and Foreseeability**

22.

The allegations contained in Paragraph 22 of Plaintiffs' Complaint are denied.

23.

The allegations in Paragraph 23, and the subparts thereto, of Plaintiffs' Complaint are denied, as pled.  Any allegation or implication of negligence or liability is denied.

24.

The allegations contained in Paragraph 24 of Plaintiffs' Complaint are denied, as pled.

25.

The allegations contained in Paragraph 25 of Plaintiffs' Complaint are denied, as pled.

EXHIBIT "A"

26.

The allegations contained in Paragraph 26 of Plaintiffs' Complaint are denied, as pled. Defendant denies that any duties which may have been owed were breached.

27.

The allegations contained in Paragraph 27 of Plaintiffs' Complaint are denied.

28.

The allegations contained in Paragraph 28 of Plaintiffs' Complaint are denied.

29.

The allegations contained in Paragraph 29 of Plaintiffs' Complaint are denied.

30.

The allegations contained in Paragraph 30 of Plaintiffs' Complaint are denied, as pled.

**Allegations of Negligence**

31.

The allegations contained in Paragraph 31 of Plaintiffs' Complaint are denied.

32.

In response to the allegations contained in Paragraph 32 of Plaintiff's Complaint, Defendant admits only that it was responsible for the day-to-day operations of the subject store on the day in question.  Defendant denies that it breached any duties which may have been owed. Any allegation or implication of negligence or liability is denied.

33.

The allegations contained in Paragraph 33 of Plaintiffs' Complaint are denied.

34.

The allegations contained in Paragraph 34 of Plaintiffs' Complaint are denied.

EXHIBIT "A"

35.

The allegations contained in Paragraph 35 of Plaintiffs' Complaint are denied, as pled.

36.

The allegations contained in Paragraph 36 of Plaintiffs' Complaint are denied, as pled.

37.

The allegations contained in Paragraph 37, and the subparts thereto, of Plaintiffs' Complaint are denied, as pled.

38.

The allegations contained in Paragraph 38 of Plaintiffs' Complaint are denied.

39.

The allegations contained in Paragraph 39 of Plaintiffs' Complaint are denied.

40.

The allegations contained in Paragraph 40 of Plaintiffs' Complaint are denied.

41.

The allegations contained in Paragraph 41 of Plaintiffs' Complaint are denied.

**Wrongful Death**

42.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 42 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied. Defendant denies Plaintiffs are entitled to the relief requested.

**Pain and Suffering, Medical, funeral, and Burial Expenses**

43.

The allegations contained in Paragraph 43 of Plaintiffs' Complaint are denied.

EXHIBIT "A"

44.

Defendant denies that Plaintiffs are entitled to any of the relief identified in Plaintiffs' prayer for relief that is located immediately after Paragraph No. 43 of Plaintiffs' Complaint.

45.

Any remaining allegations which have not been heretofore admitted, denied, otherwise responded to, are hereby denied.

**DEFENDANTS HEREBY DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES THAT ARE NOT SUBJECT TO SUMMARY ADJUDICATION.**

WHEREFORE, having fully answered, Defendant prays for dismissal of this action with all costs cast against the Plaintiffs.

Respectfully submitted this 24th day of April, 2023.

**DREW, ECKL & FARNHAM, LLP**

*/s/ Garret W. Meader*
Garret W. Meader
Georgia Bar No. 142402
*Attorneys for Defendants*

100 Main Street, Suite A
St. Simons Island, Georgia 31522
Ph: (912) 280-9662
Fax: (404) 876-0992
gmeader@deflaw.com

*/s/ Dana A. King*
Dana A. King
Georgia Bar No. 702279
*Attorney for Defendants*

303 Peachtree Road, NE
Suite 3500
Atlanta, Georgia 30308
kingd@deflaw.com

Page **11** of **13**

EXHIBIT "A"

_/s/ Franklin T. Coleman, IV_
Franklin T. Coleman, IV
Georgia Bar No. 177580
_Attorney for Defendants_

1604 W. Third Ave.
Albany, GA 31707
229/431-3036
colemanf@deflaw.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing

**DEFENDANT PITTS' ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT**

upon all parties to this matter by e-filing the same in the Court's designated online filing system,

and by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to

counsel of record as follows:

Katherine L. McArthur, Esq.
Caleb F. Walker, Esq.
Jessica A. Edmonds, Esq.
McArhur Law Firm, Esq.
6055 Lakeside Commons, Suite 400
Macon, Georgia 31210
cwalker@mcarthurlawfirm.com
jedmonds@mcarthurlawfirm.com

Respectfully submitted this 24th day of April, 2023.

**DREW, ECKL & FARNHAM, LLP**

*/s/ Garret W. Meader*

Garret W. Meader
Georgia Bar No. 142402
*Attorney for Defendants*

100 Main Street, Suite A
St. Simons Island, Georgia 31522
Ph: (912) 280-9662
Fax: (404) 876-0992
gmeader@deflaw.com

Page **13** of 13

EXHIBIT "A"

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| Misty Cox, as Administrator of the Estate of | ) | |
| Ronnie Joe Albea; Sabrina Albea as daughter | ) | |
| and next of kin of Ronnie Joe Albea, deceased; | ) | CIVIL ACTION NO. |
| Jessie Albea as daughter and next of kin of Ronnie | ) | 23-SCCV-095604 |
| Joe Albea, deceased; and Pamela Hughes as legal | ) | |
| guardian of Robert Hughes, minor son and next | ) | |
| of kin of Ronnie Joe Albea deceased, and legal | ) | |
| guardian of Makinsley Albea, minor daughter and | ) | |
| next of kin of Ronnie Joe Albea, deceased. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| Wal-Mart Stores East, LP, Walmart Real Estate | ) | |
| Business Trust and Willie Antwain Pitts, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT WALMART REAL ESTATE BUSNIESS TRUST'S
ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT**

COMES NOW, Defendant Walmart Real Estate Business Trust ("Defendant"), and files

this Answer and Defenses to Plaintiffs' Complaint for Personal Injuries, Wrongful Death, and

Damages ("Complaint"), showing the Court, as follows:

**FIRST DEFENSE**

Pending further investigation and discovery and to preserve defenses, Plaintiffs'

Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Defendant breached no duty owed to Plaintiffs or to Plaintiffs' decedent.

**THIRD DEFENSE**

No alleged breach of duty owed by Defendant was the proximate cause of the death of

Plaintiffs' decedent or the resulting damages claimed by Plaintiffs.

EXHIBIT "A"

## FOURTH DEFENSE

Pending further investigation and discovery and to preserve defenses, the death of Plaintiffs' decedent and the resulting damages claimed by Plaintiffs may have been caused in whole or in part by the acts of Plaintiffs' decedent in the event it is found that Plaintiffs' decedent voluntarily engaged in mutual combat with his assailant.

## FIFTH DEFENSE

Defendant states that fault must be apportioned among parties and non-parties to the case as required by law.

## SIXTH DEFENSE

Pending further investigation and discovery and to preserve defenses, Plaintiffs' claims may be barred by comparative and contributory negligence defenses that may relate to the actions of Plaintiffs' decedent.

## SEVENTH DEFENSE

Pending further investigation and discovery and to preserve defenses, Plaintiffs' claims may be barred by the doctrine of Consent if it is found that Plaintiffs' decedent consented to engage in mutual combat with his assailant(s).

## EIGHTH DEFENSE

Pending further investigation and discovery and to preserve defenses, if Plaintiffs' decedent is found to have voluntarily engaged in mutual combat with his assailant(s), Plaintiffs' decedent may have failed to exercise ordinary care for his own safety and thus Plaintiffs' recovery may be barred.

## NINTH DEFENSE

Pending further investigation and discovery and to preserve defenses, to the extent Plaintiffs' decedent engaged in mutual combat with his assailant(s), Plaintiffs' decedent would have had superior knowledge of any dangerous condition created or posed by his assailant(s) and as such, Plaintiffs' recovery against Defendant may be barred.

## TENTH DEFENSE

Defendant did not have constructive or actual knowledge that any person on the premises presented a danger or hazard to Plaintiffs' decedent.

## ELEVENTH DEFENSE

Pending investigation and discovery, Plaintiffs' decedent may have had superior knowledge of any risk or hazard posed by Plaintiffs' decedent's assailants.

## TWELFTH DEFENSE

The death of Plaintiffs' decedent and the resulting damages sought by Plaintiffs were caused by the unforeseeable, intervening acts or omissions of his assailant(s), third party or parties, none of which were foreseeable to Defendants.

## THIRTEENTH DEFENSE

Plaintiffs are not entitled to any special damages that Plaintiffs have failed to specifically plead as required by the applicable civil practice act.

## FOURTEENTH DEFENSE

Pending further discovery and to preserve defenses, some of Plaintiffs' claims are or may be barred by failure of the Plaintiffs to prosecute the claims in the name of the real party in interest.

EXHIBIT "A"

**FIFTEENTH DEFENSE**

This Defendant did not participate in the day-to-day operations of the subject store and is an improper party and should be dismissed.

**SIXTEENTH DEFENSE**

Pending further investigation and discovery and to preserve defenses, Plaintiffs' decedent's may have assumed the risk of injury by instigating or becoming involved in a personal dispute, confrontation, or mutual combat with his assailant(s).

**SEVENTEENTH DEFENSE**

Defendant did not willfully or wantonly injure Plaintiffs' decedent.

**EIGHTEENTH DEFENSE**

The death of Plaintiffs' decedent and the damages sought by Plaintiffs in this case were caused by the acts of his assailant(s).

**NINETEENTH DEFENSE**

Defendant reserves the right to assert additional defenses as they arise or as they become known through the course of discovery and trial.

**TWENTIETH DEFENSE**

Defendant responds to the individually numbered paragraphs of Plaintiffs' Complaint as follows:

**Parties and Jurisdiction**

1.

Defendant is without information sufficient to either admit or deny the allegations set forth in Paragraph No. 1 of Plaintiffs' Complaint.

2.

EXHIBIT "A"

Defendant is without information sufficient to either admit or deny the allegations set forth in Paragraph No. 2 of Plaintiffs' Complaint.

3.

Defendant is without information sufficient to either admit or deny the allegations set forth in Paragraph No. 3 of Plaintiffs' Complaint.

4.

The allegations contained in Paragraph 4 of Plaintiffs' Complaint are admitted, generally. However, Defendant denies any allegation or implication of negligence or liability.

5.

The allegations contained in Paragraph 5 of Plaintiffs' Complaint are denied, as pled.

6.

The allegations contained in Paragraph 6 of Plaintiffs' Complaint are admitted, generally. However, Defendant denies any allegation or implication of negligence or liability. Defendant further shows that it was not involved in the day-to-day operations of the subject store and should be dismissed.

7.

The allegations contained in Paragraph 7 of Plaintiffs' Complaint are denied, as pled.

8.

The allegations contained in Paragraph 8 of Plaintiffs' Complaint are denied, as pled.

9.

The allegations contained in Paragraph 9 of Plaintiffs' Complaint are denied.

10.

The allegations contained in Paragraph 10 of Plaintiffs' Complaint are denied, as pled.

EXHIBIT "A"

**Factual Allegations**

11.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 11 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

12.

In response to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Defendant admits that the subject Walmart was open for business to the public.  Defendant denies that it was involved in the day-to-day operations of the subject store.  Defendant breached no duties which may have been owed with regard to the maintenance of the subject premises or general representations related thereto.  Any remaining allegations are denied, as pled, as those allegations are vague, ambiguous, and call for reaching a conclusion of law in forming a response.  Any allegation or implication of negligence or liability is denied.

13.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 13 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

14.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 14 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

15.

At this time, Defendant is without information sufficient to admit or deny the allegations

EXHIBIT "A"

contained in Paragraph No. 15 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

16.

At this time, Defendant is without information sufficient to admit or deny any allegations contained in Paragraph No. 16 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

17.

At this time, Defendant is without information sufficient to admit or deny any allegations contained in Paragraph No. 17 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

18.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 18 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

19.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 19 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

20.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 20 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

EXHIBIT "A"

21.

The allegations contained in Paragraph 21 of Plaintiffs' Complaint are denied.

**Notice, Prior Knowledge, and Foreseeability**

22.

The allegations contained in Paragraph 22 of Plaintiffs' Complaint are denied.

23.

The allegations in Paragraph 23, and the subparts thereto, of Plaintiffs' Complaint are denied, as pled. Any allegation or implication of negligence or liability is denied.

24.

The allegations contained in Paragraph 24 of Plaintiffs' Complaint are denied, as pled.

25.

The allegations contained in Paragraph 25 of Plaintiffs' Complaint are denied, as pled.

26.

The allegations contained in Paragraph 26 of Plaintiffs' Complaint are denied, as pled. Defendant denies that any duties which may have been owed were breached.

27.

The allegations contained in Paragraph 27 of Plaintiffs' Complaint are denied.

28.

The allegations contained in Paragraph 28 of Plaintiffs' Complaint are denied.

29.

The allegations contained in Paragraph 29 of Plaintiffs' Complaint are denied.

30.

The allegations contained in Paragraph 30 of Plaintiffs' Complaint are denied, as pled.

EXHIBIT "A"

## **Allegations of Negligence**

31.

The allegations contained in Paragraph 31 of Plaintiffs' Complaint are denied.

32.

The allegations contained in Paragraph 32 of Plaintiffs' Complaint are denied, as pled.

33.

The allegations contained in Paragraph 33 of Plaintiffs' Complaint are denied.

34.

The allegations contained in Paragraph 34 of Plaintiffs' Complaint are denied.

35.

The allegations contained in Paragraph 35 of Plaintiffs' Complaint are denied, as pled.

36.

The allegations contained in Paragraph 36 of Plaintiffs' Complaint are denied, as pled.

37.

The allegations contained in Paragraph 37, and the subparts thereto, of Plaintiffs' Complaint are denied, as pled.

38.

The allegations contained in Paragraph 38 of Plaintiffs' Complaint are denied.

39.

The allegations contained in Paragraph 39 of Plaintiffs' Complaint are denied.

40.

The allegations contained in Paragraph 40 of Plaintiffs' Complaint are denied.

EXHIBIT "A"

41.

The allegations contained in Paragraph 41 of Plaintiffs' Complaint are denied.

## Wrongful Death

42.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 42 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied. Defendant denies Plaintiffs are entitled to the relief requested.

## Pain and Suffering, Medical, funeral, and Burial Expenses

43.

The allegations contained in Paragraph 43 of Plaintiffs' Complaint are denied.

44.

Defendant denies that Plaintiffs are entitled to any of the relief identified in Plaintiffs' prayer for relief that is located immediately after Paragraph No. 43 of Plaintiffs' Complaint.

45.

Any remaining allegations which have not been heretofore admitted, denied, otherwise responded to, are hereby denied.

**DEFENDANTS HEREBY DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES THAT ARE NOT SUBJECT TO SUMMARY ADJUDICATION.**

WHEREFORE, having fully answered, Defendant prays for dismissal of this action with all costs cast against the Plaintiffs.

Respectfully submitted this 27th day of April, 2023.

**DREW, ECKL & FARNHAM, LLP**

EXHIBIT "A"

_/s/ Garret W. Meader_
Garret W. Meader
Georgia Bar No. 142402
_Attorneys for Defendant_

100 Main Street, Suite A
St. Simons Island, Georgia 31522
Ph: (912) 280-9662
Fax: (404) 876-0992
gmeader@deflaw.com

/s/ _Dana A. King_
Dana A. King
Georgia Bar No. 702279
_Attorney for Defendant_

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
kingd@deflaw.com

_/s/ Franklin T. Coleman, IV_
Franklin T. Coleman, IV
Georgia Bar No. 177580
_Attorney for Defendant_

1604 W. Third Ave.
Albany, GA 31707
229/431-3036
colemanf@deflaw.com

EXHIBIT "A"

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **DEFENDANT PITTS' ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT** upon all parties to this matter by e-filing the same in the Court's designated online filing system, and by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Katherine L. McArthur, Esq.
Caleb F. Walker, Esq.
Jessica A. Edmonds, Esq.
McArhur Law Firm, Esq.
6055 Lakeside Commons, Suite 400
Macon, Georgia 31210
cwalker@mcarthurlawfirm.com
jedmonds@mcarthurlawfirm.com

Respectfully submitted this 27th day of April, 2023.

**DREW, ECKL & FARNHAM, LLP**

*/s/ Garret W. Meader*

Garret W. Meader
Georgia Bar No. 142402
*Attorney for Defendant*

100 Main Street, Suite A
St. Simons Island, Georgia 31522
Ph: (912) 280-9662
Fax: (404) 876-0992
gmeader@deflaw.com

EXHIBIT "A"

EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**23-SCCV-095604**
JBH
APR 27, 2023 02:07 PM

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| Misty Cox, as Administrator of the Estate of Ronnie Joe Albea; Sabrina Albea as daughter and next of kin of Ronnie Joe Albea, deceased; Jessie Albea as daughter and next of kin of Ronnie Joe Albea, deceased; and Pamela Hughes as legal guardian of Robert Hughes, minor son and next of kin of Ronnie Joe Albea deceased, and legal guardian of Makinsley Albea, minor daughter and next of kin of Ronnie Joe Albea, deceased. | ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 23-SCCV-095604 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Wal-Mart Stores East, LP, Walmart Real Estate Business Trust and Willie Antwain Pitts, | ) ) ) | |
| Defendants. | ) | |

**DEFENDANT WALMART REAL ESTATE BUSNIESS TRUST'S
ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT**

COMES NOW, Defendant Walmart Real Estate Business Trust ("Defendant"), and files this Answer and Defenses to Plaintiffs' Complaint for Personal Injuries, Wrongful Death, and Damages ("Complaint"), showing the Court, as follows:

**FIRST DEFENSE**

Pending further investigation and discovery and to preserve defenses, Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Defendant breached no duty owed to Plaintiffs or to Plaintiffs' decedent.

**THIRD DEFENSE**

No alleged breach of duty owed by Defendant was the proximate cause of the death of Plaintiffs' decedent or the resulting damages claimed by Plaintiffs.

EXHIBIT "A"

### FOURTH DEFENSE

Pending further investigation and discovery and to preserve defenses, the death of Plaintiffs' decedent and the resulting damages claimed by Plaintiffs may have been caused in whole or in part by the acts of Plaintiffs' decedent in the event it is found that Plaintiffs' decedent voluntarily engaged in mutual combat with his assailant.

### FIFTH DEFENSE

Defendant states that fault must be apportioned among parties and non-parties to the case as required by law.

### SIXTH DEFENSE

Pending further investigation and discovery and to preserve defenses, Plaintiffs' claims may be barred by comparative and contributory negligence defenses that may relate to the actions of Plaintiffs' decedent.

### SEVENTH DEFENSE

Pending further investigation and discovery and to preserve defenses, Plaintiffs' claims may be barred by the doctrine of Consent if it is found that Plaintiffs' decedent consented to engage in mutual combat with his assailant(s).

### EIGHTH DEFENSE

Pending further investigation and discovery and to preserve defenses, if Plaintiffs' decedent is found to have voluntarily engaged in mutual combat with his assailant(s), Plaintiffs' decedent may have failed to exercise ordinary care for his own safety and thus Plaintiffs' recovery may be barred.

EXHIBIT "A"

## NINTH DEFENSE

Pending further investigation and discovery and to preserve defenses, to the extent Plaintiffs' decedent engaged in mutual combat with his assailant(s), Plaintiffs' decedent would have had superior knowledge of any dangerous condition created or posed by his assailant(s) and as such, Plaintiffs' recovery against Defendant may be barred.

## TENTH DEFENSE

Defendant did not have constructive or actual knowledge that any person on the premises presented a danger or hazard to Plaintiffs' decedent.

## ELEVENTH DEFENSE

Pending investigation and discovery, Plaintiffs' decedent may have had superior knowledge of any risk or hazard posed by Plaintiffs' decedent's assailants.

## TWELFTH DEFENSE

The death of Plaintiffs' decedent and the resulting damages sought by Plaintiffs were caused by the unforeseeable, intervening acts or omissions of his assailant(s), third party or parties, none of which were foreseeable to Defendants.

## THIRTEENTH DEFENSE

Plaintiffs are not entitled to any special damages that Plaintiffs have failed to specifically plead as required by the applicable civil practice act.

## FOURTEENTH DEFENSE

Pending further discovery and to preserve defenses, some of Plaintiffs' claims are or may be barred by failure of the Plaintiffs to prosecute the claims in the name of the real party in interest.

EXHIBIT "A"

**FIFTEENTH DEFENSE**

This Defendant did not participate in the day-to-day operations of the subject store and is an improper party and should be dismissed.

**SIXTEENTH DEFENSE**

Pending further investigation and discovery and to preserve defenses, Plaintiffs' decedent's may have assumed the risk of injury by instigating or becoming involved in a personal dispute, confrontation, or mutual combat with his assailant(s).

**SEVENTEENTH DEFENSE**

Defendant did not willfully or wantonly injure Plaintiffs' decedent.

**EIGHTEENTH DEFENSE**

The death of Plaintiffs' decedent and the damages sought by Plaintiffs in this case were caused by the acts of his assailant(s).

**NINETEENTH DEFENSE**

Defendant reserves the right to assert additional defenses as they arise or as they become known through the course of discovery and trial.

**TWENTIETH DEFENSE**

Defendant responds to the individually numbered paragraphs of Plaintiffs' Complaint as follows:

**Parties and Jurisdiction**

1.

Defendant is without information sufficient to either admit or deny the allegations set forth in Paragraph No. 1 of Plaintiffs' Complaint.

2.

EXHIBIT "A"

Defendant is without information sufficient to either admit or deny the allegations set forth in Paragraph No. 2 of Plaintiffs' Complaint.

3.

Defendant is without information sufficient to either admit or deny the allegations set forth in Paragraph No. 3 of Plaintiffs' Complaint.

4.

The allegations contained in Paragraph 4 of Plaintiffs' Complaint are admitted, generally. However, Defendant denies any allegation or implication of negligence or liability.

5.

The allegations contained in Paragraph 5 of Plaintiffs' Complaint are denied, as pled.

6.

The allegations contained in Paragraph 6 of Plaintiffs' Complaint are admitted, generally. However, Defendant denies any allegation or implication of negligence or liability. Defendant further shows that it was not involved in the day-to-day operations of the subject store and should be dismissed.

7.

The allegations contained in Paragraph 7 of Plaintiffs' Complaint are denied, as pled.

8.

The allegations contained in Paragraph 8 of Plaintiffs' Complaint are denied, as pled.

9.

The allegations contained in Paragraph 9 of Plaintiffs' Complaint are denied.

10.

The allegations contained in Paragraph 10 of Plaintiffs' Complaint are denied, as pled.

EXHIBIT "A"

**Factual Allegations**

11.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 11 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

12.

In response to the allegations contained in Paragraph 12 of Plaintiff's Complaint, Defendant admits that the subject Walmart was open for business to the public. Defendant denies that it was involved in the day-to-day operations of the subject store. Defendant breached no duties which may have been owed with regard to the maintenance of the subject premises or general representations related thereto. Any remaining allegations are denied, as pled, as those allegations are vague, ambiguous, and call for reaching a conclusion of law in forming a response. Any allegation or implication of negligence or liability is denied.

13.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 13 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

14.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 14 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

15.

At this time, Defendant is without information sufficient to admit or deny the allegations

EXHIBIT "A"

contained in Paragraph No. 15 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

16.

At this time, Defendant is without information sufficient to admit or deny any allegations contained in Paragraph No. 16 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

17.

At this time, Defendant is without information sufficient to admit or deny any allegations contained in Paragraph No. 17 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

18.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 18 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

19.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 19 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

20.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 20 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied.

EXHIBIT "A"

21.

The allegations contained in Paragraph 21 of Plaintiffs' Complaint are denied.

**Notice, Prior Knowledge, and Foreseeability**

22.

The allegations contained in Paragraph 22 of Plaintiffs' Complaint are denied.

23.

The allegations in Paragraph 23, and the subparts thereto, of Plaintiffs' Complaint are denied, as pled. Any allegation or implication of negligence or liability is denied.

24.

The allegations contained in Paragraph 24 of Plaintiffs' Complaint are denied, as pled.

25.

The allegations contained in Paragraph 25 of Plaintiffs' Complaint are denied, as pled.

26.

The allegations contained in Paragraph 26 of Plaintiffs' Complaint are denied, as pled. Defendant denies that any duties which may have been owed were breached.

27.

The allegations contained in Paragraph 27 of Plaintiffs' Complaint are denied.

28.

The allegations contained in Paragraph 28 of Plaintiffs' Complaint are denied.

29.

The allegations contained in Paragraph 29 of Plaintiffs' Complaint are denied.

30.

The allegations contained in Paragraph 30 of Plaintiffs' Complaint are denied, as pled.

EXHIBIT "A"

**Allegations of Negligence**

31.

The allegations contained in Paragraph 31 of Plaintiffs' Complaint are denied.

32.

The allegations contained in Paragraph 32 of Plaintiffs' Complaint are denied, as pled.

33.

The allegations contained in Paragraph 33 of Plaintiffs' Complaint are denied.

34.

The allegations contained in Paragraph 34 of Plaintiffs' Complaint are denied.

35.

The allegations contained in Paragraph 35 of Plaintiffs' Complaint are denied, as pled.

36.

The allegations contained in Paragraph 36 of Plaintiffs' Complaint are denied, as pled.

37.

The allegations contained in Paragraph 37, and the subparts thereto, of Plaintiffs' Complaint are denied, as pled.

38.

The allegations contained in Paragraph 38 of Plaintiffs' Complaint are denied.

39.

The allegations contained in Paragraph 39 of Plaintiffs' Complaint are denied.

40.

The allegations contained in Paragraph 40 of Plaintiffs' Complaint are denied.

EXHIBIT "A"

41.

The allegations contained in Paragraph 41 of Plaintiffs' Complaint are denied.

## **Wrongful Death**

42.

At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph No. 42 of Plaintiffs' Complaint. Any allegation or implication of negligence or liability is denied. Defendant denies Plaintiffs are entitled to the relief requested.

## **Pain and Suffering, Medical, funeral, and Burial Expenses**

43.

The allegations contained in Paragraph 43 of Plaintiffs' Complaint are denied.

44.

Defendant denies that Plaintiffs are entitled to any of the relief identified in Plaintiffs' prayer for relief that is located immediately after Paragraph No. 43 of Plaintiffs' Complaint.

45.

Any remaining allegations which have not been heretofore admitted, denied, otherwise responded to, are hereby denied.

**DEFENDANTS HEREBY DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES THAT ARE NOT SUBJECT TO SUMMARY ADJUDICATION.**

WHEREFORE, having fully answered, Defendant prays for dismissal of this action with all costs cast against the Plaintiffs.

Respectfully submitted this 27th day of April, 2023.

**DREW, ECKL & FARNHAM, LLP**

EXHIBIT "A"

*/s/ Garret W. Meader*
Garret W. Meader
Georgia Bar No. 142402
*Attorneys for Defendant*

100 Main Street, Suite A
St. Simons Island, Georgia 31522
Ph: (912) 280-9662
Fax: (404) 876-0992
gmeader@deflaw.com

/s/ *Dana A. King*
Dana A. King
Georgia Bar No. 702279
*Attorney for Defendant*

303 Peachtree Street, NE
Suite 3500
Atlanta, Georgia 30308
kingd@deflaw.com

*/s/ Franklin T. Coleman, IV*
Franklin T. Coleman, IV
Georgia Bar No. 177580
*Attorney for Defendant*

1604 W. Third Ave.
Albany, GA 31707
229/431-3036
colemanf@deflaw.com

Page **11** of **12**

EXHIBIT "A"

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **DEFENDANT PITTS' ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT** upon all parties to this matter by e-filing the same in the Court's designated online filing system, and by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Katherine L. McArthur, Esq.
Caleb F. Walker, Esq.
Jessica A. Edmonds, Esq.
McArhur Law Firm, Esq.
6055 Lakeside Commons, Suite 400
Macon, Georgia 31210
cwalker@mcarthurlawfirm.com
jedmonds@mcarthurlawfirm.com

Respectfully submitted this 27th day of April, 2023.

**DREW, ECKL & FARNHAM, LLP**

*/s/ Garret W. Meader*

Garret W. Meader
Georgia Bar No. 142402
*Attorney for Defendant*

100 Main Street, Suite A
St. Simons Island, Georgia 31522
Ph: (912) 280-9662
Fax: (404) 876-0992
gmeader@deflaw.com

EXHIBIT "A"