IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| COX, et. al., | ) |
| | ) |
|       Plaintiffs, | ) |
| | ) |
|     v. | )   CIVIL ACTION NO. 5:23-CV-149 (MTT) |
| | ) |
| WAL-MART STORES EAST, LP, et al., | ) |
| | ) |
| | ) |
|       Defendants. | ) |

## ORDER

Defendants Wal-Mart Stores East, LP, Walmart Real Estate Business Trust, and Willie Antwain Pitts removed this case from the State Court of Bibb County based on diversity jurisdiction. Doc. 1. The defendants claim Pitts, a Georgia resident, was fraudulently joined and but for his joinder, complete diversity exists. *Id*. The plaintiffs moved to substitute Austin Stevenson, also a Georgia resident, in place of Pitts and to remand. Doc. 5. For the following reasons, substitution of Stevenson in place of Pitts is proper. Accordingly, the plaintiffs' motion to substitute Stevenson as a defendant and to remand (Doc. 5) is **GRANTED**.[1]

### I. BACKGROUND

On August 5, 2022, Ronnie Joe Albea was shot and killed by an unknown assailant in the parking lot of the Walmart Supercenter on Harrison Road. Doc. 1-1 ¶¶ 11, 15-19. The plaintiffs, Albea's children and the administrator of his estate, filed suit in

---

[1] The plaintiffs also move to join Dustin Stewart, the Walmart asset protection manager, as a defendant. Docs. 2-2 ¶ 2; 5 at 5. Because substitution of Stevenson is proper and, thus, the Court lacks jurisdiction over the case, the Court declines to rule on whether joinder of Stewart is appropriate.

the State Court of Bibb County against three defendants: Wal-Mart Stores East, LP, Walmart Real Estate Business Trust, and Willie Antwain Pitts.  *Id*. ¶¶ 1-4, 6, 8-9.  The complaint identifies Pitts as the Harrison Road Walmart store manager at the time of Albea's injury.  *Id*. ¶¶ 8-9.  The plaintiffs allege that the defendants had a "legal duty to keep the premises in a state consistent with the due regard for the safety of their invitees" and that the defendants breached that duty by failing to "maintain adequate security devices and personnel," "maintain a policy, procedure or system of investigating, reporting, and warning of … criminal activity," and "take appropriate action to remedy or reduce the danger to their invitees."  *Id*. ¶¶ 31-34.  As a result, the plaintiffs assert that the defendants were negligent under O.C.G.A. §§ 51-3-1, 44-7-13, 41-1-1, and 16-15-7.  *Id*. ¶¶ 37(a)-(d).

On April 27, 2023, all three defendants removed this case based on diversity jurisdiction.  Doc. 1.  To support their argument that removal was proper because Pitts was fraudulently joined, the defendants submitted evidence that Pitts was not the store manager at the time of Albea's injury.  Doc. 1-7 ¶¶ 2-3.  In response, the plaintiffs moved to substitute Stevenson, a Georgia resident, in place of Pitts and to remand.  Doc. 5.  In their motion, the plaintiffs state that "additional investigation" revealed that the store manager of the Harrison Road Walmart at the time of Albea's injury was Stevenson.  *Id*. at 2.  The defendants agree.  Doc. 8-2 ¶ 2.  But the defendants contend that because the plaintiffs cannot possibly state a claim against Stevenson, the plaintiffs are seeking to fraudulently join him to defeat diversity jurisdiction.  Doc. 8 at 9-12.

## II. STANDARD

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 … and is between … citizens of different States."  28 U.S.C. § 1332(a).  "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994).  And "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  "In deciding whether to permit a plaintiff to join a nondiverse defendant after removal, a district court should 'consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether [the] plaintiff has been dilatory in asking for amendment, whether [the] plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.'"  *Dever v. Fam. Dollar Stores of Georgia, LLC*, 755 F. App'x 866, 869 (11th Cir. 2018) (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).

### III. DISCUSSION

**A. Purpose of the Amendment**

To determine whether the purpose of the plaintiff's proposed amendment is to defeat federal jurisdiction, courts consider when the plaintiff sought to add the nondiverse defendant and whether the plaintiff can possibly allege a claim against the nondiverse defendant. *See, e.g., Smith v. Walmart Stores E., LP*, 2019 WL 13240621, at *4-8 (N.D. Ga. Oct. 30, 2019); *Norvilus-Foreste v. Walmart Stores East, LP*, 2023 WL 4235460, at *2 (M.D. Fla. June 28, 2023).

*1. Timing*

When "a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999); *see also Small v. Ford Motor Co.*, 923 F. Supp. 2d 1354 (S.D. Fla. 2013) (holding that filing a motion to amend immediately after removal and before any discovery occurred indicated that the motion was made for purposes of destroying diversity jurisdiction). "There is a distinction, however, between cases where a plaintiff seeks to add a new, nondiverse defendant for the very first time after removal and cases where a plaintiff named a [nondiverse] defendant in the initial state court action and later seeks to substitute the proper [nondiverse] party once identified after removal." *Smith*, 2019 WL 13240621, at *4 (citing *Dever*, 755 F. App'x at 869). In the latter situation, courts routinely find that the purpose of the plaintiff's proposed amendment was not to defeat diversity jurisdiction. *See, e.g., Dever*, 755 F. App'x at 869; *Dunigan v. Countrywide Home Loans, Inc.*, 2009

WL 10698799, at *6 (N.D. Ga. Sept. 10, 2009); *Ball v. CSX Transportation, Inc.*, 2021 WL 2471482, at *3 (N.D. Ga. May 11, 2021).

Here, the plaintiffs sued a nondiverse defendant—Pitts, who they thought was the Harrison Road Walmart store manager—before the defendants removed. Doc. 1-1 ¶¶ 8-9. But now, after learning that Stevenson was the store manager at the time of Albea's injury, the plaintiffs seek to substitute the proper defendant. Docs. 5 at 5; 5-1 ¶ 7. Clearly, the purpose of the substitution is to get the proper party—the store manager at the time of the incident—before the Court, not to defeat diversity; although if the store manager is a proper party that will be its effect.

*2. Viability of Claims against Stevenson*

The real question is whether the store manager, whether it be Pitts or Stevenson, can be liable. The defendants argue there is no viable claim against the store manager and, thus, Pitts and now Stevenson were fraudulently joined. Doc. 8 at 2, 9-12.

To prove fraudulent joinder, the defendant must show that "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). The burden of establishing fraudulent joinder "is a heavy one," and "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Id*. (internal quotation marks and citation omitted). "If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder

was proper and remand the case to state court."[2]  *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (internal quotation marks and citation omitted). "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties."  *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).  The Court "must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff."  *Crowe*, 113 F.3d at 1538. However, "there must be some question of fact before the district court can resolve that fact in the plaintiff's favor."  *Legg v. Wyeth*, 428 F.3d 1317, 1323 (11th Cir. 2005).

In the proposed amended complaint,[3] the plaintiffs allege that as "store manager responsible for the supervision, maintenance, operation, management, access, and safety of the Harrison Road Walmart Supercenter," Stevenson "knew or should have known that a significant number of violent crimes were committed at the Walmart Store and its premises" and failed to exercise ordinary care in keeping the Walmart premises safe.  Doc. 5-1 ¶¶ 7, 23.  Because of this failure to exercise ordinary care, the plaintiffs allege Stevenson failed to protect Albea from a third-party criminal attack on the Harrison Road Walmart premises.  *Id*. ¶¶ 31-36.  Thus, the plaintiffs contend that

---

[2] "To determine whether it is possible that a state court would find that the complaint states a cause of action, we must necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court."  *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1334 (11th Cir. 2011).  Here, under Georgia's notice pleading standard, a plaintiff need only give "fair notice [of the claim] and state[] the elements of the claim plainly and succinctly."  *Id*. (quoting *Carley v. Lewis*, 221 Ga. App. 540, 542, 472 S.E.2d 109, 111 (1996)).

[3] The allegations against the Harrison Road Walmart store manager in the plaintiffs' proposed amended complaint are identical to the allegations in the original complaint—with the exception of who is named as the store manager.  *See* Docs. 1-1 at 6-18; 5-1.

Stevenson was negligent under O.C.G.A. § 51-3-1.[4]  *Id*. ¶ 37(a).  The defendants argue that the plaintiffs cannot allege a possible claim against Stevenson because he did not have "possession and control" over store security, and he was not physically present at the time of the injury.  Doc. 8 at 9-12.

With regard to Stevenson's lack of "possession and control," Stevenson testified by affidavit that he does not "set store security policies and procedures," "make decisions as to what security measures will be implemented," or decide how security "patrol personnel execute their duties."  Docs. 8 at 12; 8-2 ¶¶ 3-4.  Thus, the defendants argue Stevenson cannot be liable under O.C.G.A. § 51-3-1.  Doc. 8 at 11.  The plaintiffs counter that Walmart's own admissions indicate that Stevenson does exercise supervisory control over store security.  Doc. 9 at 3.  Specifically, the plaintiffs point to the Harrison Road Walmart's Facebook page, which states that "[s]tore manager Austin [Stevenson] and associate trey [sic] are blessed to have the opportunity to work hand and hand [sic] with the sheriffs office [sic]."[5]  Doc. 5 at 3.  As the plaintiffs argue, "[i]t strains credulity to believe the store manager of a Walmart Supercenter who is publicly promoted as working 'hand-in-hand' with the Sheriff's Office has zero supervisory authority over store security."  Doc. 9 at 3.  Because factual disputes are resolved in the plaintiffs' favor, the Court cannot conclude that there is no possibility that Stevenson's acts or omissions as store manager contributed to the allegedly unsafe conditions at the Harrison Road Walmart.  *See Crowe*, 113 F.3d at 1538; *Legg*, 428 F.3d at 1323.

---

[4] The plaintiffs also allege that Stevenson was negligent under O.C.G.A. §§ 44-7-13, 41-1-1, and 16-15-7. Doc. 5-1 ¶¶ 37(b)-(d).  Because the Court concludes that the plaintiffs have alleged a possible claim under O.C.G.A. § 51-3-1, the Court does not address the plaintiffs' alternative theories.

[5] The defendants do not object to the Court's consideration of the Walmart Facebook page.  *See* Doc. 8 at 6 n.3.

Second, the defendants argue that the plaintiffs cannot possibly allege a negligence claim against Stevenson because he was not physically present at the time of Albea's injury.  Doc. 8 at 12.  But the fact that Stevenson was not present during the injury "does not completely absolve [him] from liability."  *Parker v. Goshen Realty Corp.*, 2011 WL 3236095, at *2 (M.D. Ga. July 28, 2011); *see also Marine v. Murphy Oil USA, Inc.*, 2021 WL 4268054 (M.D. Ga. Sept. 20, 2021).  It is not at all uncommon that an injury can result from negligent acts and omissions that predate the injury.  The consequences of a negligently hired driver or a negligently designed product may not be manifest until long after the employee is hired or the product is designed.  That, though, does not relieve the tortfeasors of responsibility for their acts and omissions.  In short, it is possible that Stevenson, as store manager who worked "hand-in-hand" with the Sheriff's Office, did or failed to do something that played a role in the dangerous conditions at the Harrison Road Walmart when Albea was injured.  According to the complaint, the conditions leading to Albea's injury were allegedly the result of negligent responses to longstanding and repeated criminal conduct at the Harrison Road Walmart.  Doc. 5-1 ¶ 23.  Therefore, the Court cannot conclude that "there is no possibility [the plaintiffs] can establish a cause of action against" Stevenson solely because Stevenson was not present at the Harrison Road Walmart at the time of Albea's injury.[6]  *See Crowe*, 113 F.3d at 1538.

In sum, because the plaintiffs have alleged facts supporting a possible claim against Stevenson and sought to add the Harrison Road Walmart store manager prior to removal, the first factor weighs in favor of the plaintiffs.

---

[6] Of course, whether the plaintiffs can prove their claim against Stevenson is another matter.  But that is not for this Court to decide.

-8-

**B. Dilatory**

When evaluating the second factor, the Court's "primary consideration is whether the plaintiff could have included the nondiverse defendant in the original complaint but failed to do so." *Smith*, 2019 WL 13240621, at *8 (citing *Dunham v. Heartland Express, Inc. of Iowa*, 2015 WL 13753283 (N.D. Ga. Nov. 25, 2015); *In re Norplant Contraceptive Prod. Liab. Litig.*, 898 F. Supp. 429 (E.D. Tex. 1995); *O'Connor v. Auto. Ins. Co. of Hartford Connecticut*, 846 F. Supp. 39 (E.D. Tex. 1994)). Here, the Court cannot conclude that the plaintiffs were dilatory in this regard because they did in fact name the store manager in the original complaint. Doc. 1-1 ¶¶ 8-9. Although the plaintiffs were mistaken as to the store manager's identity, this factor weighs in favor of the plaintiffs.

**C. Injury to the Plaintiffs and Other Equitable Factors**

As to the third and fourth factors, the Court concludes that it would make little sense to require the plaintiffs to try their claims against Wal-Mart Stores East, LP and Walmart Real Estate Business Trust in a federal forum while they try their claims against Stevenson in state court. Furthermore, discovery has not yet commenced, and a remand to state court would not unnecessarily delay proceedings. Thus, while the defendants have "an interest in retaining the federal forum," the Court finds that the risk of "parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources" outweighs this interest. *See Hensgens*, 833 F.2d at 1182; *see also Carter v. Dover Corp., Rotary Lift Div.*, 753 F. Supp. 577, 580 (E.D. Pa. 1991) ("The most logical, economical and equitable approach is to determine the respective rights and liabilities of all relevant parties *inter se* in one proceeding.").

## IV. CONCLUSION

After balancing the equitable factors outlined in *Dever*, the Court concludes that substitution of Stevenson in place of Pitts is proper. Accordingly, the plaintiffs' motion to substitute Stevenson as a defendant and remand (Doc. 5) is **GRANTED**, and the defendants' motion to dismiss (Doc. 2) is **DENIED** as moot. The case is **REMANDED** to the State Court of Bibb County, Georgia.

**SO ORDERED**, this 13th day of July, 2023.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT